BILLINGHAM, Respondent, v. MILLER & TEASDALE COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, October 17, 1905.

1. **DEFAULT: Interlocutory Judgment: Motion to Set Aside.** Under section 770, Revised Statutes of 1899, a motion to set aside an interlocutory judgment by default may be filed before final judgment, but not afterwards.

2. ————: **Final Judgment: Petition for Review.** After an interlocutory judgment by default has been followed by a final judgment at the following term, a party against whom such judgment is rendered, if he has good grounds, may, by adopting the proper procedure under section 780, Revised Statutes of 1899, obtain relief against such judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*H. Chouteau Dyer* for appellant.

The circuit court had the power to set aside the judgment and grant the defendant a new trial. Circuit courts being of general jurisdiction have, according to the common law, control of their judgments during the term at which they are rendered. Hulbert v. Treadway, 159 Mo. 668; Wells v. Andrews, 133 Mo. 663; Scott v. Smith, 133 Mo. 618; Orvis v. Elliot, 65 Mo. App. 96; Cabanne v. MacAdaras, 91 Mo. App. 70.

*O. J. Mudd* for respondent.

After the close of the term at which the judgment by default was rendered, to-wit, the October term, the court was without power to set aside the default. Sec. 770, R. S. 1899; Matthews v. Cook, 35 Mo. 289; Burns v. Burns, 61 Mo. App. 612.

GOODE, J.—On the 31st day of May, 1904, the plaintiff filed a petition against the defendant company, a corporation, alleging that on February 21, 1904, plaintiff had shipped from New York to the defendant in St. Louis, a carload of apples, pursuant to an order given by the defendant for the apples; that the agreed price of the fruit was $454.50; that in due course the shipment arrived in St. Louis and the railroad company in whose custody it then was, notified the defendant of its arrival, but the defendant refused to receive the fruit; that thereafter it remained in the custody of the railroad company about a month and the defendant still refusing to receive it, at the end of that time the railroad company sold it in open market for the best price obtainable; that the necessary charges for freight, storage and sale consumed the price the apples brought. A summons, directed to the defendant company, was issued from the office of the clerk of the circuit court of the city of St. Louis and duly served by delivering a copy of the writ and petition to defendant's secretary at the usual business office of the company, when the secretary was in charge and the president or other chief officer of the company could not be found in the city; and so the return recites. The cause was returnable to the June term, 1904. Defendant failed to answer and, on November 16, 1904, at the October term, an interlocutory judgment by default was entered and the cause put on the default docket for an inquiry of damages. This carried the matter over to the December term; and on January 3, 1905, during

that term, testimony was taken and final judgment entered against the defendant in favor of the plaintiff for $490.99, besides interest and costs. The testimony tended to support the allegation of the petition. It showed that notice of the arrival of the fruit was given to the defendant company, but that no attention was paid to the notice; that the carload of apples was kept by the railroad company on its tracks for about a month and then sold in open market, realizing enough to pay the charges against the fruit and $44; that the latter was retained by the railroad company for the benefit of whomsoever was entitled to it. On January 5, 1905, two days after final judgment, the defendant, for the first time appeared in the cause and filed a motion to set aside the judgment and grant a new trial; also a motion to set aside the default. The application was supported by the affidavit of the defendant's president, in which it was stated that, though the return of the sheriff showed due service, in truth the defendant, through some fault of its employees, or other unknown cause, had no actual knowledge of the pendency of the suit until the fourth day of January, 1905—that is, the day after the entry of final judgment—on which day the company was informed of the judgment against it in the circuit court by a witness who had testified on the inquiry of damages. The affidavit further stated that the defendant had a good and meritorious defense to plaintiff's action, but set out no particulars of the defense. The motion to set aside the default and the final judgment, and to grant the defendant a new trial, were overruled February 21, 1905, the learned trial judge stating that though at first he was under the impression that the defendant might be entitled to the relief asked, on further reflection, and taking into consideration the long time in which the case was pending before final judgment was entered, he had concluded it would be unjust to the plaintiff to reopen the matter, as the defendant's default was due to its own negligence.

Any explanation of the defendant's failure to answer must include negligence on the part of its secretary at least; for he was personally served with the writ of summons. Hence, the defendant was to blame for the default. But aside from that fact, there is no way in which we can grant relief against the default, nor do we see how the circuit court could have done so. The application to set aside the default was not made until after final judgment. It was a simple motion and in no sense a petition for review. The statute allows a motion to set aside a default before final judgment, but not after. [R. S. 1899, sec. 770; Mathews v. Cook, 35 Mo. 286; Burns v. Burns, 61 Mo. App. 612.] A party in default may obtain relief against a judgment even after it is final if he has good grounds and adopts the proper procedure; namely, that prescribed by section 780 of the Revised Statutes.

The judgment is affirmed. All concur.