## MINERS' BANK, Appellant, v. KINGSTON et al.

### Division Two, June 11, 1907.

1. **PETITION FOR REVIEW: No Appearance or Service: Knowledge.** Where a petitioner made no appearance to the attachment suit and was not served with personal process as provided by the statutes, it is not incumbent upon her, as a precedent right to maintain her petition to review the judgment rendered against her in the attachment suit, to show that she had no actual knowledge of the existence of that suit; but whether she heard of the suit or not, she is entitled under the statute to maintain her petition for review, if brought in time.

2. ———: **Attachment: Notice to Tenants.** The statute requiring the officer in an attachment, brought by publication against alleged non-residents, to give notice to the actual tenants of defendant at least ten days before the return day of the writ, is mandatory and is not complied with by a notice given after the return term reciting that the case will not be triable until the next term—and that must be the ruling even though the clerk failed to issue an order of publication for the return term, and at that term an order of publication was obtained returnable to the next term. And where such are the facts the court should entertain a petition to review the judgment against the non-appearing defendant who was not actually served with process.

3. ————: **Testimony.** The petition of a non-appearing defendant in an attachment suit, who was not served with process, to review the judgment therein, being sufficient, should be sustained on testimony tending to show petitioner had a meritorious defense to that action or that the petition of plaintiff therein was not true in a matter material to the issue presented.

4. ————: **Judgment: Further Proceedings.** The order of the court reciting that the petition to review a judgment "is taken up and being seen and heard and fully understood by the court is sustained," is correct as far as it goes, but is not complete. It should be followed by an order that the judgment be set aside on condition that defendant answer or demur to the petition of plaintiff on which the judgment was rendered, within a reasonable time, to be ordered by the court.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED (*with directions*).

*McAntire & Scott* for appellant.

(1) The court refused to consider the question of the carelessness and negligence of defendant Hannah M. Kingston in not appearing after she had knowledge of the existence of the suit against herself and her husband, which was error. On October 17, 1902, as shown by her letter of that date, she had knowledge of the fact that the bank had brought a suit and named her as a party to that company. No distinction can be made between the force and effect of a judgment rendered upon actual or constructive notice where constructive service is authorized by law, except such as is made by statute. The court in this case, when it rendered judgment in favor of the Miners' Bank, had jurisdiction of the subject-matter, and the service by publication was regular and as required by law, and such being the case, the judgment is as final and conclusive as it would have been if there had been personal service,—with the exception, however, of the

right to review.  Jones v. Driskill, 94 Mo. 199; Irvine v. Leyh, 124 Mo. 366; Tooker v. Leake, 146 Mo. 430; Ryder v. Ins. Co., 101 Mass. 548.  (2)  The motion to set aside the order sustaining a petition for review and for new trial should have been sustained for the reason that the order was not made in accordance with the statute.  The statute provides that the order can only be made "on condition that the defendant answer or demur to the petition of the plaintiff on which the judgment was rendered within a reasonable time, to be ordered by the court."  R. S. 1899, sec. 780.  (3)  The presumption is that the evidence was sufficient at the trial of the attachment suit case to authorize the judgment against both defendants, and if the defendant was, as we claim, negligent in not appearing and defending, the petition for review should not have been sustained.  Irvine v. Leyh, 102 Mo. 200; Smoot v. Judd, 161 Mo. 687; Mueller v. McCulloch, 59 Minn. 409; Cutler v. Button, 51 Minn. 550.  (4)  Defendant was guilty of laches after she had knowledge on October 17, 1902, and again in June, 1903.  (5)  It is held that an application to open a judgment and for leave to answer made under the provision of a statute of Minnesota ought not to be granted when the presumption that the party in default has been diligent after receiving notice of the pendency of the action is expressly and conclusively rebutted, as it was in this case, even though done within the time fixed by the statute.  Mueller v. McCulloch. 59 Minn. 409; Cutler v. Button, 51 Minn. 550.

*Thomas Dolan* and *H. S. Miller* for respondents.

(1)  There is no question in this proceeding either of diligence or negligence of either appellant or respondent.  It is not a question of knowledge, or want of knowledge, of the action that is sufficient to so bring

a party before a court as to have an unimpeachable judgment rendered against him, but service of summons as required by law. When this is not had, and no appearance is entered, the statute provides that the judgment may on showing made be set aside. The statute makes no exceptions, either in favor of diligence or against negligence. (2) The other objection of appellant deserves more notice. It complains that the court did not make the judgment of review setting aside the judgment of appellant conditioned on respondent's answering or demurring within a reasonable time to the petition of appellant. This was omitted, but the judgment need not for this reason be reversed, but may be modified by this court. Elliott on Appellate Procedure, sec. 567.

FOX, P. J.—This cause is here upon appeal by the plaintiff from a judgment of the circuit court of Jasper county, Missouri, sustaining a petition for review and setting aside a judgment rendered in an attachment proceeding in favor of the plaintiff and against these defendants.

This is an action instituted by petition in the circuit court of Jasper county, before the Hon. Hugh Dabbs, on the 25th day of November, 1903, for review of a judgment rendered in said cause on the 4th day of March, 1903, which said judgment was in favor of the Miners' Bank against T. H. Kingston and Hannah M. Kingston, partners, doing business under the firm name of T. H. Kingston & Company, wherein the Miners' Bank brought suit by attachment and attached a lot and a part of another lot in the city of Joplin to satisfy a claim against T. H. Kingston & Company for the sum of $457.35. The plaintiff in the attachment suit brought its suit on the 14th day of June, 1902. In its petition it alleged that the defendants were non-residents of the State of Missouri, and

also in its affidavit for attachment alleged that the defendants were non-residents, and as a second ground of attachment that T. H. Kingston had fraudulently conveyed his property and effects so as to hinder and delay his creditors. The case was returnable to the September term, 1902. The clerk omitted to issue an order of publication for that term. At the September term, 1902, an order of publication was obtained against the said defendant, returnable to the March term, 1903. The real estate, lot 37 and the south thirty feet of lot 36 in Gray's Second Addition to Joplin, was attached on the 14th day of June, 1902. On January 2, 1903, the sheriff of Jasper county served a notice upon M. B. Coburn and Annette Coburn, notifying them that those lots had been attached and levied upon by virtue of a writ of attachment which was originally returnable to the September term, 1902, and that the property was attached as the property of T. H. Kingston and Hannah M. Kingston, but owing to the fact of the failure to obtain service upon the defendants by publication, the same would be triable at the March term, 1903. Publication was made in due form more than fifteen days before the first day of the March term, 1903. The real estate was afterwards sold under special execution. Then on the 25th day of November, 1903, the defendant Hannah M. Kingston instituted suit against the plaintiff for a review of judgment. In her petition she alleged:

"That on the 4th day of March, 1903, the Miners' Bank obtained a judgment for $430.08 on the first count of its petition and forty dollars on the second count of its petition. That the said judgment so obtained by said plaintiff was in an attachment suit against the defendant Hannah M. Kingston and T. H. Kingston and in said suit the said plaintiff caused to be attached the property before described. That the said plaintiff, in its petition filed in said cause, alleged, among other

things, that the defendants and each of them, were non-residents of the State of Missouri, and could not be served with the ordinary process of law. That an order of publication in due form was thereupon issued to the clerk of this court and the same was duly published in the Joplin Globe, a newspaper published in Joplin, Missouri, at least once a week for four consecutive weeks, the last publication being at least fifteen days before the first day of the March term, 1903, and the plaintiff so gave constructive notice to the defendants in said suit, but defendant further states that she had no actual notice of said suit and no appearance was made by her or anyone for her in said suit, and the said judgment was rendered against her upon default or failure to appeal and plead in said cause. The said defendant Hannah M. Kingston further states that she had and now has a meritorious defense against plaintiff's said suit, in this: That the plaintiff's said suit was founded upon a certain promissory note executed to said plaintiff by said defendant, T. H. Kingston, for and in the name and on behalf of said T. H. Kingston & Company, a corporation then existing and being composed of said T. H. Kingston and Frank Kingston, who were the sole partners in said firm. That the said plaintiff in its petition alleged and charged that the said firm of T. H. Kingston & Company was composed of T. H. Kingston and Hannah M. Kingston, and alleged and charged that said defendant was one of the partners of said firm so executing said note, and jointly liable with the said T. H. Kingston.

"This defendant states that such allegation was not true, but that this defendant was not a partner in the firm of T. H. Kingston & Company and had no interest in said firm, and had no interest or share in the consideration for said note, and this defendant further states that she has not at any

time claimed to have any interest in said firm or its business, and has not held herself out to the plaintiff as a partner in said firm, and this defendant further states that she was not at the time of said suit or at any other time indebted to the plaintiff. Wherefore, she asks the court to reopen and review the said cause and to discharge her hereof with judgment for her costs.''

The petition was sworn to. The answer of the defendant admitted that at the March term, 1903, it obtained a judgment against Hannah M. Kingston for $438.08 on the first count and forty dollars on the second count; admitted that the suit in which judgment was obtained was an attachment suit brought against Hannah M. Kingston and T. H. Kingston, and that in said suit caused to be levied upon lots 37 and south thirty feet of lot 36 in Gray's addition to the city of Joplin; admitted that said plaintiff in said petition alleged among other things that said defendants, and each of them, were non-residents of the State of Missouri, and could not be served with process in this State; admitted that the order of publication in due form was thereupon issued and the same was duly published in the Joplin Globe, a newspaper published in Joplin, at least once a week for four consecutive weeks, the last publication being at least fifteen days before the March term, 1903, of this court; admitted that the plaintiff so obtained constructive service upon the defendants to this suit, and the plaintiff admitted that no summons was served upon defendant in person and no appearance was made for her by anyone, and that judgment was rendered upon her failure to appear and plead. The defendants denied the other allegations in said defendant's petition for review. As a second defense the plaintiff herein answering, states, that the said lot 37 and the south thirty feet of lot 36 in Gray's

Second Addition to the city of Joplin, being the property levied upon by the plaintiff in this case, had been purchased with the individual money of the said T. H. Kingston, the other defendant herein, and that he, with intent to cheat and defraud his creditors, had the same deeded to his wife, Hannah M. Kingston, without any consideration whatever. That the said conveyance to his wife was made for the purpose of concealing and covering up his own property and with the intent to hinder, delay and defraud his creditors, all of which the said Hannah M. Kingston well knew. That after the said property was conveyed to the said Hannah M. Kingston, the said T. H. Kingston and Hannah M. Kingston, with intent to cheat and defraud the creditors of Hannah M. Kingston and T. H. Kingston, without any consideration whatever, and with intent to hinder, delay and defraud the creditors of T. H. Kingston, conveyed the property to the New England Home Buyers' Association of Boston. Third, the defendant further answering to said petition of Hannah M. Kingston, states that on October 17, 1902, long prior to the time the said suit of the bank vs. the defendants was tried, the defendant had actual notice of the pendency of said suit, and she carelessly and negligently failed to make a defense in said suit which she was entitled to make therein if she had desired to contest the same. Wherefore the plaintiff having fully answered, asks that judgment be rendered in its favor by dismissing said defendant Hannah M. Kingston's petition for review. At the June term, 1904, the matters put in issue by the petition of Hannah M. Kingston for review of the judgment and the answer of the appellant, came up for trial. We deem it unnecessary to set out in detail the evidence introduced by the parties upon the issues presented. It is sufficient to enable us to determine the legal propositions to substantially refer to the tendency of such proof.

It is conceded in this proceeding that the petitioner, Hannah M. Kingston, in the original attachment proceeding wherein a judgment was rendered against her, was not personally served, but was brought into court by order of publication in due form, more than fifteen days before the first day of the March term, 1903. The record further discloses that the writ of attachment in the original proceedings was issued and levied upon lots 37 and the south thirty feet of lot 36 in Gray's addition to the city of Joplin, on the 14th day of June, 1902. This writ of attachment was made returnable to the September term, 1902. The record further discloses that M. B. Coburn and Annette Coburn were tenants occupying the real estate levied upon by the writ of attachment. It further appears from the record that the following notice was served upon the tenants in possession of the real estate on the 2nd day of January, 1903:

"To M. B. Coburn and Annette Coburn:

"You as the actual tenants of T. H. Kingston and Hannah M. Kingston occupying lot thirty-seven (37) and the south thirty (30) feet of lot thirty-six (36) in Gray's Second Addition to Joplin, as their tenants, are hereby notified that the real estate above described has been attached by the Miners' Bank and levied upon by virtue of a writ of attachment which was originally returnable to the September term, 1902, as the property of T. H. Kingston and Hannah M. Kingston, but owing to the fact of a failure to obtain service upon T. H. Kingston and Hannah M. Kingston by publication, the same will be triable at the March term, 1903, Joplin, Mo., January 2, 1903.

"JAMES T. OWEN, Sheriff of Jasper County,
    "By C. H. KIER, Deputy Sheriff."

The testimony on the part of the petitioner, Hannah M. Kingston, tended to show that she has a meritorious defense against plaintiff's original suit by at-

tachment and that the allegation in the Miners' Bank's petition in such attachment proceeding, alleging and charging that the said firm of T. H. Kingston was composed of T. H. Kingston and Hannah M. Kingston, and alleging and charging that said defendant was one of the partners of said firm executing the note sued on and was jointly liable with the said T. H. Kingston, was not true.

The testimony on the part of the plaintiff, the Miners' Bank, tended to show that Mrs. Kingston, the petitioner in the case at bar, heard that the lots were attached, by letter received in June, 1903, by Mr. Kingston from Mr. Coburn, her tenant in the Joplin house. In October, 1902, she wrote a letter to the Miners' Bank in which she said: "I understand you have brought suit against T. H. Kingston & Company and named me as part of that Company. I am not, nor never was part of that Company. Yours truly, Hannah M. Kingston."

At the close of the evidence the cause was submitted to the court and on the 11th day of June, 1904, the petition for review of the judgment filed by Hannah M. Kingston was sustained. A timely motion for new trial was filed and by the court overruled, and from the finding and judgment of the court upon this petition for review the plaintiff prosecuted this appeal and the record is now before us for consideration.

OPINION.

The record in this cause discloses the following assignment of errors:

FIRST. That the court erred under all the evidence in sustaining the defendant's petition for review.

SECOND. The court erred in refusing to set aside the order sustaining the petition and to grant a new trial.

## I.

It is conceded that the petitioner, Hannah M. Kingston, was not brought into court in the original proceeding by personal service, but by order of publication. This proceeding is predicated upon the provisions of section 777, Revised Statutes 1899, which provides that, "When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned as required by this chapter, or who shall not have appeared to the suit, or has been made a party as the representative of one who shall have been summoned or appeared, such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and by petition for review, show good cause for setting aside such judgment."

It is also conceded that the petitioner instituted this proceeding within the time provided by the statute, hence there is really but one question before the court, and that is whether the evidence developed upon the trial of the issues in this proceeding was sufficient to authorize the court to sustain the petition for review and vacate the judgment.

The record discloses that the petitioner made no appearance to the suit and that she had not been summoned as required by law. There was also evidence tending to prove that the judgment which was obtained by the appellant was predicated upon a petition which alleged that respondent, Hannah M. Kingston, was a member of the firm of Kingston & Company, and that such allegation was not true in fact.

It is earnestly insisted by learned counsel for appellant that it was incumbent upon the petitioner, before she is entitled to the relief sought in her petition for review, to show that she had no actual knowledge of the existence of the suit. It is further urged that the respondent petitioner, as disclosed by the record,

in this cause, having heard of the institution of this attachment suit and taking no steps to enter her appearance and make defense, she is in no position to avail herself of the provisions of section 777, supra. We are unable to agree with learned counsel respecting these contentions. In support of this insistence we are cited to the case of State ex rel. v. Scott, 104 Mo. 31. An examination of that case will clearly demonstrate that it has no application to the disclosures of the record in the case at bar. In the Scott case the defendant appeared at the original suit by attorney, and this fact is expressly stated by the learned judge rendering the opinion, and it is finally concluded that having appeared to the suit it presented simply a case where a motion to set aside the judgment for irregularity was the appropriate remedy, and it was expressly ruled that it was not the purpose of the statute to substitute a petition for review for a motion to set aside a judgment for irregularity. No such motion was filed in that case and the court very properly held that it did not disclose such a case as entitled the petitioner to the relief awarded under the provisions of the statute authorizing a bill for review.

Our attention is directed to the cases of Ryder v. Phoenix Insurance Co., 101 Mass. 548; Mueller v. Mc-Culloch, 59 Minn. 409, and Cutler v. Button, 51 Minn. 550. A careful analysis of those cases convinces us that they do not support the contention of appellant. In the Massachusetts case it will be observed that there is no similarity between that proceeding and the case at bar. That controversy related to a policy of insurance, and in the petition for review plaintiff claimed that there was some mistake as to the insurable interests of certain parties, and that the agreed statement of facts upon which the cause was submitted was entered into in consequence of that error. It was alleged in that case "that the plaintiffs, until about the time of

filing the motion to vacate the judgment (when they were informed of their error by their counsel in consultation upon another matter), supposed and believed that the insurable interests of the Smiths were only five-sixteenths of the value remaining after deducting the amount of the plaintiffs' advances, which interests would not exceed the amount of the prior insurance thereon; and that the statement of facts was agreed upon in consequence of that error." The Supreme Judicial Court of Massachusetts, speaking through Justice GRAY, deemed it unnecessary to determine other questions in the case and assigned as a reason why a review should not be granted in that proceeding, that "the facts upon which it depends were peculiarly within the knowledge of the plaintiffs, and the legal effect thereof upon their rights might easily have been ascertained before submitting the case to the judgment of the court. To allow them to be shown after a case has been formally submitted and argued to the full court upon a state of facts agreed, and final judgment ordered and entered, would be to establish a precedent which would encourage negligence and promote litigation. We are therefore of opinion that the plaintiffs show no cause for vacating the judgment or granting a review. [Clark v. Brigham, 22 Pick. 81; Taylor v. Columbian Insurance Co., 14 Allen 353; Gayler v. Wilder, 10 How. 509; Young v. Keighly, 16 Ves. 348.]"

It is manifest that case furnishes no support to the contention of appellant in the case at bar, for in that proceeding, as evidenced by the opinion of the learned judge, there was a full appearance and the case was contested and formally submitted to the court by the parties appearing, and it was properly held that a review should not be granted and the judgment vacated. But that is not this case. We have here a petitioner for review who was not served with personal process as provided by the statute, who made no ap-

pearance, either in person or by attorney to the suit; hence we are of the opinion that the petitioner has brought herself clearly within the provisions of the statute.

It is sufficient to say of the Minnesota cases that the provisions of the statute of Minnesota upon which those proceedings were predicated were entirely dissimilar to the provisions of the statute under which the petitioner in the case at bar is proceeding. It is apparent from the decisions in those cases that no definite time is fixed by the statute upon which they are based for filing petitions for review, but that this is a matter wholly within the proper exercise of the discretion of the court, as to whether or not the application to vacate the judgment has been made within a reasonable time after the actual knowledge of such rendition of such judgment had reached the party applying to have it set aside. The statute under which the petitioner in this case is proceeding plainly provides that the final judgment may be set aside if the defendant shall within the time hereinafter limited appear and by petition for review show good cause for setting aside such judgment, and the subsequent provisions of the statute fix the time definitely in which the party shall have the right to resort to the remedy furnished by section 777 by petition for review.

We are unwilling to say that the mere fact that the respondent in this cause having heard of the institution of this suit by attachment and failed to appear either in person or by attorney, and make defense to the action, would deprive her of the right to avail herself of the provisions of the statute in reference to having the cause reviewed. There was no personal service with process, and even though she knew that the proceeding had been instituted, she would have the right to rely upon the provisions of the statute, and if within the period as fixed by it she presented her pe-

tition with a sufficient showing of good cause why the proceeding should be reviewed, we see no legal reason to prevent her from being awarded the relief sought.

In Siling v. Hendrickson, 193 Mo. 365, it was sought in that case to avoid a defect in the proceeding in reference to notice to the actual tenants as provided by section 388, Revised Statutes 1899, by showing that although the actual tenants were not notified as required, still they had actual notice of the pendency of the suit prior to the rendition of the judgment, and it was insisted that this sufficiently met the requirements of the statute. This court, however, announced in that case that this contention was untenable, and said: "It might with equal propriety be claimed that a court acquired jurisdiction of a defendant, who had not been brought into court by any sort of process, by showing, *dehors* the record, that the defendant actually knew there was a suit pending against him. The requirements of the statute are mandatory, and this is so for wise reasons, to-wit, that the record shall affirmatively show that the notice that the law requires was served upon the defendant and that the matter of whether or not a defendant had notice should not be allowed to rest in parol."

But aside from what has heretofore been said as to the sufficiency of the evidence disclosed by the record to authorize the court to sustain the petition for review, it is manifest from the record before us that the court was fully justified in sustaining the petition for review and vacating the judgment for the very apparent reason disclosed by the record in the original proceeding, that the provisions of subdivision 3 of section 388, supra, in respect to giving notice to the actual tenants, were not complied with. It will be observed that the subdivision of the statute above referred to, after enumerating the essential requirements of the return of the officer upon the writ of attachment and what

such return shall embrace, then follows this provision: "And the officer shall moreover give notice to the actual tenants, if any, at least ten days before the return day of the writ, and state the fact of such notice and the names of the tenants in his return." This provision of the statute relating to notice and the necessity of strictly complying with it, has had the careful attention of this court in the recent cases of Walter v. Scofield, 167 Mo. 537, and Siling v. Hendrickson, 193 Mo. 365. The questions in those cases were very carefully considered and all of the authorities touching the subject were exhaustively reviewed and the conclusion was announced that the provisions of the statute requiring the actual tenants to be notified, were mandatory, and that it was essential to the jurisdiction of the court that the provisions of the statute be complied with, and as evidence of the compliance with the provisions of the statute it was equally essential that the officer, as required by the statute, should state the fact of such notice and the names of the tenants in his return. It was expressly ruled that the provisions of this statute were mandatory, and the matter of whether or not there was notice should not be allowed to rest in parol. The record in this cause discloses that the writ of attachment was served upon the 14th day of June, 1902, and was made returnable at the September term, 1902. The notice as indicated in the statement of this cause was not only not served upon the actual tenants ten days before the return day of the writ, but was not served until long after the term at which the writ was made returnable. It is sought to avoid the defects in this notice and in the service of it by the service of a notice which states to the actual tenants that the land had been levied upon by attachment under a writ of attachment originally returnable to the September term, but that the case

would not be triable until the March term, 1903. This was clearly not a compliance with that statute and there is no provision of the statute which authorizes or even recognizes the character of notice given to actual tenants in this proceeding as disclosed by the record. The notice to be given to the actual tenant is purely statutory and as this court has expressly ruled that the provisions in respect to such notices are mandatory, therefore in order to fall within the provisions of that statute they must be at least substantially complied with.

There was a sufficient showing made upon the trial of the issues before the court in this proceeding to warrant the court in sustaining the petition for review. The testimony introduced by the respondent tended to show that she had a good and meritorious defense to the action and that the petition of plaintiff upon which the judgment complained of was obtained, was not true in a matter material to the issue presented by the petition. However, while we are of the opinion that the conclusion of the court, as reached in this proceeding, was proper, yet it is apparent that the order and judgment of the court in which the petition for review was sustained does not fully conform to the requirements of the statute. The order so far as it goes is correct, wherein it is recited that the "petition is taken up and being seen and heard and fully understood by the court the same is sustained," but this should be followed by an order that the judgment be set aside on condition that the defendant answer or demur to the petition of plaintiff upon which the judgment was rendered within a reasonable time to be ordered by the court. Therefore, it follows that the judgment of the court should be reversed and the cause remanded with directions to the court to modify the judgment under review so as to conform to the statute as above

indicated, and designate by order a reasonable time in which the answer may be filed, and it is so ordered.

All concur.