C. B. BURNHAM et al., Appellants, v. LEWIS B. CLARK.

**Division One, February 28, 1911.**

JUDGMENT: Review Within Three Years: Under Thirty-year Limitation Statute. Under Secs. 777 and 779, R. S. 1889, a judgment rendered by default, upon summons by publication only, under Sec. 4268, R. S. 1899, may, upon the petition of the defendant, be reviewed within three years. Section 4268, being the thirty-year Statute of Limitation, is not such a statute of repose that the provisions of Sections 777 and 779, providing for the review of judgments, do not apply to suits in which the title to the land is adjudged to belong to plaintiff.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. J. Cope* for appellant.

GRAVES, J.—In this case we presumably have an agreed statement of facts in lieu of a bill of exceptions. We say presumably, because the judgment on file in this court is entitled C. B. Burnham et al., plaintiffs, vs. Lewis B. Clark, defendant, whilst the agreed statement of facts and points in dispute is entitled Lewis B. Clark, plaintiff, v. C. B. Burnham et al., defendants. By this judgment on file here, Clark is decreed to be the owner in fee of certain lands in Dent county, Mis-

souri. The decree further adjudges: "That the plaintiffs take nothing by this suit, and they are forever barred and precluded forever from setting up any right, title or interest in and to said real estate, and that the defendant have execution for costs and the same is awarded."

This trouble as to title of the suit is cleared up by the facts agreed upon in the case. Such facts thus run: February 13, 1904, C. B. Burnham et al. brought suit in the circuit court of Dent county, Missouri, against Lewis E. Clark, then and at all times a nonresident of Missouri. Such suit was under section 4268, Revised Statutes 1899; section 1884, Revised Statutes 1909.

No personal service was had upon Clark, but publication was taken out and made in the usual form. Judgment went against him by default. Clark made no appearance to such suit until after judgment was entered for the plaintiffs therein. Judgment was entered against Clark at the April term, 1904, of said court, quieting the title to the lands in dispute in Burnham et al., and further decreeing that Clark had no right, title or interest therein. October 7, 1905, Clark for the first time appeared and filed a petition for review of such judgment. All parties were duly notified, the issues threshed out, with the result that the judgment of April, 1904, was set aside, and the judgment now pending here was entered.

The statute under which the suit was instituted, reads: "Whenever any real estate, the equitable title to which shall have emanated from the Government more than ten years, shall thereafter, on any date, be in the lawful possession of any person, and which shall or might be claimed by another, and which shall not at such date have been in possession of the said person claiming or who might claim the same, or of any one under whom he claims or might claim, for thirty consecutive years, and on which neither the

said person claiming or who might claim the same nor those under whom he claims or might claim has paid any taxes for all that period of time, the said person claiming or who might claim such real estate shall, within one year from said date, bring his action to recover the same, and in default thereof he shall be forever barred, and his right and title shall, *ipso facto,* vest in such possessor: *Provided, however,* that in all cases such action may be brought at any time within one year from the date at which this article takes effect and goes into force."

Clark, in his petition for review, proceeded under sections 777, 778 and 779, Revised Statutes 1899; sections 2101, 2102 and 2103, Revised Statutes 1909. These sections read:

"Sec. 777.    When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned as required by this chapter, or who shall not have appeared to the suit, or has been made a party as the representative of one who shall have been summoned or appeared, such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and by petition for review, show good cause for setting aside such judgment.

"Sec. 778.    If the plaintiff shall, at any time after such final judgment, serve the defendant, within any of the United States or the Territories thereof, with notice of the suit and a copy of the judgment thereon, and such defendant shall not, within one year after such service, bring his petition for review, the court, on proof of the service of such notice, shall make an order that the judgment stand absolute.

"Sec. 779.    If such petition for review be not filed within three years after such final judgment is rendered, the same shall stand absolute, whether notice thereof be given or not."

It is not claimed that any steps were taken under

section 778, supra, so that the case turns upon the construction to be given to sections 4268, 777 and 779.

In the present case the sufficiency of the proceedings is not questioned except in one particular. Counsel for appellants state their question thus: ''There is but one question in this case on which the appellants stand for a reversal of this judgment. Appellants contend that the order of publication which was published against the respondent Lewis B. Clark in the former suit in favor of the appellants herein was, under said section 4268, Revised Statutes 1899, a complete and valid service and carried with it such force as a personal service would have done, and judgment rendered thereunder cannot be reviewed, because this statute is an absolute repose in the premises. All for which appellants pray a reversal of said judgment.''

Counsel throughout speak of the petition for review as of another case, but we take it to have been a petition filed in the original case and will so treat it. The point would be the same in either case.

Such is the case for our determination.

The sufficiency of the petition for review is not questioned in this case. The sufficiency of the proof is not questioned. The only claim is that in suits under section 4268, supra, service by publication is the same as personal service and a judgment entered thereon is not subject to review under sections 777 and 779, supra. Counsel for appellants make the point in the language we have quoted, but do not further elaborate it or cite us to any authority for such position. For the respondent no brief is here to enlighten the court.

In one place in the record (the agreed facts) counsel couch their contention in this language: ''We agree that there is but one question in the case on which Burnham and others stand for a reversal of the judgment which now stands against them. J. J. Cope, who is the attorney for Burnham and others, now contends and argues that the order of publication

which was published against the plaintiff herein, Lewis B. Clark, in the first suit in which judgment was rendered against Lewis B. Clark, and in favor of C. B. Burnham and others, was under said section 4268, Revised Statutes 1899, a complete and valid service, and carried with it as much force as a personal service would have done, and a judgment rendered thereunder is a final and lasting judgment, and is not subject, and cannot be reviewed, for the reason that this statute is an absolute repose in the premises just as much so as had there been a personal service in the first suit made on the defendant Lewis B. Clark therein, and it is further agreed by J. J. Cope, attorney for Burnham and others, that if this statute is not a bar to the review of this judgment then he has no standing in this appeal.''

From this we gather that counsel were of opinion that upon a judgment under section 4268 there could be no petition for review. That because such statute was and is considered a statute of repose, judgments thereunder had some peculiar efficacy not attached to other judgments wherein there has been no personal service and no appearance of the defendant. In this we think counsel are in error.

It might be granted that, if such judgment became final in its full sense by passing the period for review mentioned in sections 777 and 779, supra, title would be reposed in the parties plaintiff, but this does not cut off the right of the defendant to have such judgment reviewed.

In Jones v. Driskill, 94 Mo. l. c. 199, this court, through BRACE, J., said: ''No distinction can be made between the force and effect of a judgment rendered upon actual and constructive service in cases where constructive service is authorized by law, except such as is made by statute. If the court rendering the judgment has jurisdiction of the subject-matter of the action, and acquires jurisdiction of the person of the defendant by notice published as required by law, its

judgment is final and conclusive in the one case as in the other, except that the defendant, in an action in which he has not been summoned, but in which he has been served by publication of notice, and in which an interlocutory judgment has been made final, may, within three years after the rendition of such final judgment, appear, and, upon terms, have the same reviewed, and for good cause set aside. [R. S. 1879, secs. 3684, 3690.]'' Section 3684, Revised Statutes 1879, is the same as section 777, Revised Statutes 1899. These remarks were made with reference to a tax suit.

Having under consideration another tax proceeding, the same judge, in Tooker v. Leake, 146 Mo. l. c. 429, used the following language: ''The statute then provides how such orders shall be published. When so published, and the publication proved, the defendants in such actions are as effectually served with process as if served by summons, and a final judgment rendered on such service is just as conclusive as a judgment rendered upon service by summons, *except that the defendant in the former case may within three years after the rendition thereof have the same reviewed and set aside for good cause, as provided in Revised Statutes 1889, section 2217, et seq.''* The italics are ours. The statutes of 1889 referred to are the ones we have under consideration.

In the recent case of Bank v. Kingston, 204 Mo. 687, these statutes were held to apply to a case of attachment wherein real estate had been attached. So, too, they have been discussed as applicable to partition suits. [Murray v. Yates, 73 Mo. 13; Schooler v. Patrick, 138 Mo. App. l. c. 104.]

It has been held that these statutes do not apply to condemnation proceedings because such proceedings ''are *sui generis* and are not comprehended within the scope of the provisions of article 9, chapter 59.'' [Swan v. Railroad, 38 Mo. App. l. c. 592.]

We, however, can see no reason why such statutes

are not applicable to a judgment procured under section 4268, supra. As stated, this is the sole question. If this first judgment was subject to review, then it is not denied that the subsequent proceedings were duly authorized and properly taken. Such proceedings culminated in the judgment filed in this court. It follows that upon this record there was no error in the trial court sustaining the petition for review, and afterward rehearing the case and entering up the present judgment. Judgment is affirmed.

All concur except *Valliant, J.,* absent.