SANTA FE CAR ICING CO., Appellant, v. T. J.
KEMPER, JESSE WILLIAMS, M. L. MILLER,
FRED R. EWING, ROBERT ROBERTSON,
HARRY H. ALLEN, J. S. LYONS, W. H. HULL,
THOMAS L. CONNELLY, WEBB CARLTON, B.
M. CLINE, E. E. SCHULTZ and HARRY CZAR-
LINSKY, Respondents.

**Kansas City Court of Appeals, October 7, 1912.**

1. JUDGMENTS: Default: Motion to Set Aside. A motion to set
aside a final judgment must be considered a petition for review
falling within the operation of Sec. 2104, R. S. 1909.

2. ———: ———: ———. The statute allows a motion to set
aside a default before final judgment, but not after.

3. ———: ———: ———. A party in default may obtain re-
lief against a judgment even after it is final if he has good
grounds and adopts the proper procedure; namely that pre-
scribed by Sec. 2104, R. S. 1909.

4. ———: ———: ———. Where the petition for review is
not verified and fails to show a meritorious defense to the
action or the exercise of due diligence to prevent a default,
it should be denied.

Appeal from Jackson Circuit Court.—*Hon.
Kimbrough Stone*, Special Judge.

REVERSED AND REMANDED (*with directions*).

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) An appeal lies from the order setting aside
the judgment. Miller v. Crawford, 140 Mo. App. 711;
Harkness v. Jarvis, 182 Mo. 231. (2) A motion to
set aside judgment by default must state facts which
show a meritorious defense and be supported by an
affidavit showing due diligence. R. S. 1909, sec. 2104;
Cowan, Trustee v. Bircher, 5 Mo. App. 577; Campbell
v. Garton, 29 Mo. 343; Castilio v. Bishop, 51 Mo. 162;
Palmer v. Russell, 34 Mo. 476; Biebinger v. Taylor,
64 Mo. 63. (3) Due diligence and a meritorious de-

fense must be shown. R. S. 1909, sec. 2104; Billingham v. Miller Co., 115 Mo. App. 154; Hoffman v. Loudon, 96 Mo. App. 184; Lecompte v. Wash, 4 Mo. 557; Weimer v. Morris, 7 Mo. 6; Field v. Matson, 8 Mo. 686; Kerby v. Chadwell, 10 Mo. 392; Austin v. Nelson, 11 Mo. 193.

*Charles L. Shannon* for respondents.

JOHNSON, J.—This is an action on a bond commenced in the circuit court of Jackson county, October 31, 1910. The defendants are the principals and two of the three sureties who executed the bond. The principals were partners engaged in the business of selling ice under the firm name of The Ice Wagon Drivers Union and the bond was executed and delivered to plaintiff, a manufacturer of ice, to secure the payment of ice to be purchased by the partnership. The petition alleges that after the execution of the bond, plaintiff, at divers times, sold and delivered ice to defendants of the value of $519.75, for which defendants failed to pay and prays judgment on the bond for that sum, with interest and costs. An answer in the nature of a general denial was filed January 12, 1911, by all of the defendants. W. F. Lyons signed this answer as the attorney of the defendants but made no further appearance in the case and was superseded by Charles Shannon, another member of the Jackson county bar.

The case was set for trial on March 25, 1911, but was not tried on that date for the reason that Mr. Shannon had gone abroad. It was reset for trial on June 14 of the same year but again was continued for the same reason. On or about November 29, 1911, the assignment judge set the case for trial on December 6, 1911. Mr. Shannon had returned from his foreign trip but had gone to Chicago on professional business before the assignment of the case for trial and did not

return until after the day of trial.  He had no knowl-
edge of the setting of the case but did know that court
was in session and that the case was subject to assign-
ment.  He left no instructions at his office about the
case and the person left in charge of his office could
find no memorandum of it on the office docket.  Learn-
ing of Mr Shannon's absence the attorney of plaintiff
who was anxious to try the case had Mr. Shannon's
office informed of the approaching trial, and on the
morning of the trial day, conferred with Mr. Lowe
who had been a law partner of Mr. Shannon and was
thought by plaintiff's attorney and the court officers
still to be his partner.  At the end of the conference
Mr. Lowe told plaintiff's attorney to "go ahead and
take judgment.  We are not interested in it."  When
the case was called plaintiff answered ready and no
one appearing for defendants a default was entered
and the court proceeded to hear evidence offered by
plaintiff.  The evidence was to the effect that plain-
tiff had sold and delivered eight cars of ice to defend-
ants of the total value of $519.75; that at different
times defendants had given plaintiff two checks of
$119.70 each on account of the purchases; that these
checks had been dishonored and that no part of the
account had been paid.  The court then rendered the
following judgment:

"Twentieth Day November Term, 1911.  Wednes-
day, Dec. 6th, 1911.

"Now on this day this cause coming on regularly
for trial, comes the plaintiff by its attorneys and de-
fendants come not at this time, but make default, and
now plaintiff waives a jury in the trial of this cause,
and defendants are deemed to waive a jury and this
cause is submitted to the court upon the pleadings and
the court having heard the evidence and being fully
advised in the premises finds for the plaintiff in the
sum of five hundred and fifty-two dollars and fifty
cents ($552.50).

"Wherefore it is ordered and adjudged by the court that the plaintiff have and recover of and from defendants the sum of one thousand dollars ($1000) the amount of bond sued on herein to be satisfied by the payment of said sum of five hundred and fifty-two dollars and fifty cents ($552.50) with interest thereon from this date at the rate of six per cent per annum together with the costs of this cause, for which last mentioned sum, interest and costs let execution issue."

Ten days later, Mr. Shannon filed on behalf of defendants a "motion to set aside default judgment" as follows: "Now come defendants and move the court to set aside the judgment rendered by default in the above entitled cause on the 6th day of December, 1911. Defendants state that they have a good and sufficient defense to plaintiff's claim as set out in plaintiff's petition; that this cause was set for trial and judgment rendered while the attorney for defendants, Charles L. Shannon, was out of the city and out of the state; that neither of the defendants nor their attoroney had knowledge of the setting of the case for trial nor of the plaintiff's taking judgment by default until several days after said judgment by default was rendered.

"Wherefore defendants ask that the said judgment by default so rendered be set aside and the case again set for trial."

This motion, which was not verified by affidavit, was heard and sustained December 23, 1911, and plaintiff appealed from the order setting aside the judgment and granting defendants a new trial. At the hearing of the motion Mr. Shannon testified: "Several days prior to the time that this case was called and set for trial, I did not know when it was set, I was called to Chicago to take depositions and I went to Chicago and took the depositions and I knew nothing about the case being set, and I expected to be away over the term, and went to Chicago and took the depo-

sitions and on my return, I was told that judgment had been rendered by default; I was informed that Mr. O'Flaherty and Mr. Reynolds did everything that they could to get me, but I was out of the city after the case was assigned to this division, and Mr. Lowe had not anything to do with me, he is not my partner any longer, he is by himself and I am by myself; he knew nothing about the case; I was not employed while I was with him in the case, and the officer tried to find Mr. Lyon, who was formerly the attorney in this case, before I was employed; I cannot see where I have been to blame, I did not know anything about it. If I had known it I would have been here.''

No attempt was made to show a meritorious defense to the cause of action pleaded in the petition and the only reference to the defense appears in the following colloquy:

By the Court: ''I think there seems to be some misunderstanding about the case, if there is a substantial defense.''

Counsel for plaintiff: ''There is absolutely no showing of any defense.'' Mr. Shannon: ''I do not have to, all I have to do is a general denial.''

By the Court: ''Is there any?''

Mr. Shannon: ''Yes, sir, absolutely. I am perfectly willing to go to trial and not delay it a minute, and the very first case that is set for trial I will try it; I will make arrangement to have it set for trial the very first case.''

The motion to set aside the judgment was filed at the term at which the judgment was rendered and though not filed within four days after the rendition of the judgment, was filed in time to invoke the control a circuit court is given by law over defáult judgments. The motion is not to be treated as a motion for a new trial (Harkness v. Jarvis, 182 Mo. 231) nor as a motion under section 2094, Revised Statutes 1909 to set aside an interlocutory judgment by default. The judgment at-

tacked was a final, not an interlocutory judgment by default (Miller v. Crawford, 140 Mo. App. 711) and the motion must be considered as a petition for review falling within the operation of section 2104, Rev. Stat. 1909. As is well said by GOODE, J., in Billingham v. Commission Co., 115 Mo. App. 154: "The statute allows a motion to set aside a default before final judgment, but not after. [Rev. Stat., section 770; Matthews v. Cook, 35 Mo. 286; Burns v. Burns, 61 Mo. App. 612.] A party in default may obtain relief against a judgment even after it is final if he has good grounds and adopts the proper procedure; namely that prescribed by section 780 (2104, Rev. Stat. 1909) of the Revised Statutes."

The petition in hand fails to conform to the requirements of section 2104 in every vital particular. It was not verified by affidavit and it fails to show that defendants exercised due diligence to prevent a default or that they have a meritorious defense to the action. The mere fact that defendant's attorney "was out of the city and out of the state" when the case was set for trial and had no knowledge of the setting of the case until after final judgment had been rendered is no excuse for the default, no plea of due diligence. Six days intervened between the setting of the case and the trial day and had the attorney left proper instructions with those in charge of his business during his absence he could and, doubtless, would have been informed of the setting of the case in ample time to have prevented the judgment by default being taken against his clients. His own testimony but emphasizes the weakness and insufficiency of his allegation of diligence.

The averment in the petition that defendants "have a good and sufficient defense to plaintiff's claim" is not a compliance with the statute which requires that such defense be set forth in the petition. The facts constituting the defense must be stated in

order that the court may determine whether or not they constitute a good defense. [Pry v. Railroad, 73 Mo. 123.] The bare assertion of the attorney in his petition and testimony that a good defense existed conveys no information to the court concerning the nature of the defense and offers no foundation for the operation of a sound judicial discretion. In setting aside the judgment the learned trial judge exceeded the bounds of a sound discretion and accordingly the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff in accordance with the views expressed. It is so ordered. All concur.