GUY R. STANTON, Appellant, v. HARRY HANNA, Respondent.

Springfield Court of Appeals, November 5, 1914.

1. **DEFAULT JUDGMENT: Order Vacating: Not Appealable.** An appeal does not lie from an order vacating a final default judgment. (STURGIS, J., dissenting.)

2. **DEFAULT JUDGMENT: Setting Aside: Statutory Provisions.** Provision for setting aside a judgment taken by default (Sec. 2101, R. S. 1909); time within which application shall be made (Sec. 2102, R. S. 1909); and requisites of such application (Sec. 2104, R. S. 1909).

Appeal from Laclede County Circuit Court.—*Hon. L. B. Woodside,* Judge.

APPEAL DISMISSED. CERTIFIED TO SUPREME COURT.

*D. D. McDonald* and *Don O. Vernon* for appellant.

The record shows that the respondents appeared to the suit and a petition for review cannot be sustained in any case where the defendant appeared, either in person or by attorney, no matter what may be the merits of his defense. Campbell v. Garton, 29 Mo. 343; Tennison v. Tennison, 49 Mo. 110; State ex rel. Pemiscot Co. v. Scott, 104 Mo. 26; Curtiss v. Bell,

Stanton v. Hanna.

131 Mo. App. 245; Warren v. Railroad, 122 Mo. App. 254.

*L. C. Mayfield* for respondent.

The service of notice of an appeal from the justice court, is as essential as the service of summons in the first instance, and a judgment by default where the service is defective or where there is no service, is a nullity. Burkharth v. Stephens, 117 Mo. App. 425; Rosenberger v. Gibson, 165 Mo. 16; Feurt v. Coster, 174 Mo. 289; Drake v. Gorrell, 127 Mo. App. 636.

FARRINGTON, J.—Appellant Stanton sued respondent Hanna in a justice's court to recover eighty dollars, an alleged balance due as commission. The jury there found for the defendant. Plaintiff filed an affidavit for an appeal and the case was set on the docket of the circuit court for the August term following. When it was called, it appearing that no notice of the appeal had been given the defendant, a continuance was ordered. There is no showing that defendant appeared in person or by attorney. Within ten or twelve days of the commencement of the next succeeding term of the circuit court, plaintiff did serve notice of the appeal on an attorney who had represented defendant in the justice's court. It appears that defendant was in another county in this State and did not know of this notice having been served, and there seems to have been some misunderstanding between him and the attorney aforesaid, because when the case was called the attorney announced that he had withdrawn from the case. In due course a default judgment was rendered for the plaintiff, of which defendant knew nothing until notified by his wife that an execution thereunder had been levied. The term of court having expired, but within a short time after the rendition of the judgment, defendant applied to the

circuit judge in vacation to enjoin the enforcement of the judgment and to set said judgment aside, his application being in the nature of a petition for review under sections 2101 and 2104, Revised Statutes 1909. The court issued a temporary restraining order. At the next term of court plaintiff filed a motion to set aside this order, and evidence was heard on the merits of defendant's petition for review. The result was that the application to set aside the default judgment was sustained. It is from the overruling of plaintiff's motion to set aside that ruling that this attempted appeal was perfected.

We have lately considered the question of the right of appeal from an order vacating a final default judgment in the case of Holder v. Chidister, 177 Mo. App. 415, 162 S. W. 762, which was by us certified to the Supreme Court as we deemed our opinion in conflict with certain decisions of the Kansas City Court of Appeals. Since that time the Supreme Court has settled this question by its opinion in the case of Bussiere's Adm'r v. Sayman, 165 S. W. 796, where the view of the St. Louis Court of Appeals in the case of Bussiere v. Sayman, 171 Mo. App. 11, 153 S. W. 507, and of this court in the case of Holder v. Chidister, supra, that an appeal does not lie from such an order, is upheld.

Section 2101, Revised Statutes 1909, provides how a final judgment taken by default may be set aside. Section 2104 gives a statement of what the application seeking to set aside such a judgment shall contain. Section 2102 gives the time within which such application shall be made, and requires that it be within three years after the entry of such final judgment. In order, therefore, that a final default judgment be set aside at any time after its rendition, it must be done on a petition to review and not on such a motion as is contemplated by section 2094, Revised Statutes 1909, which has reference only to interlocutory default judgments.

If the proceeding is instituted under the statute to set' aside a final default judgment, such proceeding must be by the petition for review contemplated by sections 2101 and 2104, Revised Statutes 1909, and it matters not whether this petition be filed during the term at which the final default judgment was rendered or at a subsequent term so long as it is filed within the three-year period. [See Billingham v. Commission Co., 115 Mo. App. l. c. 157, 89 S. W. 356; Burnes v. Burnes, 61 Mo. App. 612; and Matthews v. Cook, 35 Mo. l. c. 289.] The case at bar then stands on exactly the same footing as did the case of Bussiere's Adm'r v. Sayman, 165 S. W. 796, as in that case the proceeding to set the judgment aside was begun after the final default judgment (as in our case), the only difference being that the petition for review in that case was filed during the same term of court whereas in our case it was filed shortly after the term had closed. The petition in the case at bar set up all that is required under the statute relating to this subject, and the reason that such appeal will not lie in this case is the same as that given why the appeal did not lie in the Supreme Court case of Bussiere's Adm'r v. Sayman, to-wit: When the order was made setting aside the final default judgment, the case was reinstated and was a pending cause, and the order appealed from was not a final order or judgment in the case.

There is no doubt that the circuit court has the inherent power, without a statute, to set aside a default judgment at any time during the term, because, for this period of time the court is said to carry its judgments in its breast; and if the court sees fit to make such an order it cannot be appealed from. Now the statute gives three years within which to present a petition for review to the circuit court and this is merely an extension of the time within which the court has inherent power to act. The statute does not contemplate the beginning of a new suit or give rise to a

new cause of action, as does a petition to set aside a judgment procured by fraud on the court; it merely provides for taking up the same cause of action in the original suit at a time subsequent to the period within which the court under its inherent power might have acted. Practically the same averments must be made to make such petition invulnerable as are required to be stated in the motion to the court during the term. The remedy given is the same, to-wit, the default judgment is set aside; hence, no final judgment in the case —nothing from which an appeal will lie under the statute relating to appeals. The Leit-Motif in the opinion in the case of Bussiere's Adm'r v. Sayman, decided by the Supreme Court, is that no appeal lies because no final order in the case had been made. The sustaining, of a motion filed during the term at which the default judgment is rendered and the sustaining of a petition for review in that action at any time within three years bring about the same result: No final judgment in the case from which to appeal.

The appeal is dismissed. *Robertson, P. J.,* concurs. *Sturgis, J.,* dissents in a separate opinion wherein, deeming our opinion in conflict with certain decisions of the Supreme Court and the Kansas City Court of Appeals to which he refers, he asks that this cause be certified to the Supreme Court, which is accordingly done.

## DISSENTING OPINION.

STURGIS, J.—This case raises a question of great importance to the bench and bar of this State. The judgment of the trial court was set aside on a petition for review under the provisions of section 2101-2104, Revised Statutes 1909, filed after the term at which the judgment was entered. My associates hold that an appeal does not lie from an order vacating the judgment in this instance and decline to consider the other questions presented. This ruling is claimed to

be based on the decision of the Supreme Court in Crossland v. Admire, 118 Mo. 87, 24 S. W. 154, and Bussiere's Adm'r. v. Sayman, 165 S. W. 796. To this I do not agree. Both the cases relied on involve motions to set aside judgments filed at the same term of court at which the judgments were rendered. These cases settle the proposition that no appeal will lie from an order vacating a judgment, either interlocutory or final, on a motion filed at the term of court at which the judgment is rendered. On this point the Supreme Court, in the Bussiere case, supra, overruled the decision of Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984, which held that an appeal would lie from an order vacating a *final* judgment on a motion filed at the same term.

It seems to me, however, that the Bussiere case, supra, plainly holds that an appeal will lie from an order setting aside a judgment on a petition for review filed at a subsequent term under the provisions of sections 2101-2104, supra. That there is a radical difference between a motion to set aside a judgment filed at the same term and a petition for review filed at a subsequent term is evident and has been pointed out in the case of Billingham v. Miller & Teasdale Com. Co., 115 Mo. App. 154, 89 S. W. 356, and in Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422, and cases cited, both of which are cited in the Bussiere case, supra. The court has power to set aside a judgment on motion filed or on its own motion at the same term for entirely different reasons and under different circumstances than on a petition for review filed at a subsequent term. The latter proceeding is very much restricted as will be seen from a reading of sections 2101-2104, supra.

The Supreme Court distinctly states in the Bussiere case, supra, that the only previous ruling by that court on the question then for decision is that of Crossland v. Admire, supra, and the only decision

in conflict therewith by any of the Courts of Appeals is that of Miller v. Crawford, supra. The Supreme Court, however, took note of the fact that in Icing Co. v. Kemper, 166 Mo. App. 613, 149 S. W. 1163, the Kansas City Court of Appeals ruled that the motion then being considered "must be considered as a petition for review falling within the operation of section 2104, Revised Statutes 1909," and that an appeal would lie from an order vacating a judgment under such petition for review. The Supreme Court distinguished this case from the question at issue in the Bussiere case, supra, by saying that the Icing Company case, "therefore, though similar on its facts to the instant case, is not in conflict herewith, and does not follow the Miller-Crawford case, supra." The court then expressed a doubt as to whether a petition for review under sections 2101-2104, is applicable to any case where there has been personal service or appearance, but that it should be confined to cases founded on constructive service. It is, therefore, evident that the Supreme Court instead of overruling the Icing Company case, supra, distinguished it from the Crossland and Bussiere cases on the ground that in those cases the court was considering a motion to set aside the judgment filed at the same term of court; while the Icing Company case involved the setting aside the judgment on a petition for review, under sections 2101-2104, supra.

The Supreme Court in the Bussiere case also takes note of the case of Bank v. Kingston, 204 Mo. 687, 103 S. W. 27, where the court had held jurisdiction on appeal from an order setting aside a judgment under a petition for review under sections 2101-2104, supra. The court again distinguished the Bank-Kingston case by saying that it "was a petition in the nature of a bill in review filed by defendants, who had neither been personally served, nor appeared in the case. For such

185MoApp7

a situation plain statutes *not involved in anywise* in the instant case would seem to be ample to afford relief. [Sections 2101-2104, R. S. 1909.]'' While the court notes that the point had not been expressly passed on in the Bank case, supra, yet, it is plain that in the Bussiere case the court approves the implied ruling in the Bank case that an appeal does lie from an order vacating a final judgment on a petition for review filed after the term.

It seems plain, therefore, that the Supreme Court in the Bussiere case has made a clear distinction between an order vacating a judgment on motion filed at the same term and an order vacating a judgment on a petition for review filed at a subsequent term, and distinguishes and approves the ruling of the Kansas City Court in the Icing Company case, supra, and of the Supreme Court in entertaining jurisdiction in Bank v. Kingston, supra; and clearly holds that while an appeal will not lie from an order vacating the judgment on motion filed at the same term, such appeal will lie from the vacation of the judgment on petition for review filed at a subsequent term. This distinction is doubtless based on the fact that the trial court retains entire control over its proceedings until the term is ended; while after the term is ended the judgment becomes a finality and any proceeding had to impeach or set the same aside is necessarily in the nature of a new and direct proceeding attacking the validity of the judgment.

I, therefore, dissent from the majority opinion herein, and, deeming such opinion to be in conflict with the rulings of the Supreme Court in Bussiere's Adm'r v. Sayman, 165 S. W. 796, and Bank v. Kingston, 204 Mo. 687, 103 S. W. 27, and of the Kansas City Court of Appeals in Icing Co. v. Kemper, 166 Mo. App. 613, 149 S. W. 1163, I ask that this cause be certified to the Supreme Court for final determination.