PATSY McCLURE, Appellant, v. THE NATIONAL LIFE & ACCIDENT COMPANY, a corporation, Respondent.*

St. Louis Court of Appeals.   Opinion filed June 2, 1925.

1. **APPEALS: Judgments: Order Setting Aside Affirmance of a Justice of the Peace Judgment: Not Final Judgment from Which an Appeal will Lie.** Plaintiff filed suit in the justice court and obtained judgment.   Defendant appealed to the circuit court, but failed to pay the filing fee required in appeals from justice courts.   Plaintiff paid the filing fee and the circuit court affirmed the judgment.   Fourteen

days thereafter, defendant filed a motion to set aside the judgment, which said motion was sustained and the order affirming the judgment was set aside. Thereafter plaintiff filed a motion to set aside the order of the trial court sustaining defendant's motion to set aside the affirmance of the judgment which was overruled and plaintiff appealed. *Held*, that when the circuit court sustained the motion to set aside the affirmance of the judgment, there was no final judgment in the case, and therefore, plaintiff had no right to appeal from such action.

2. **NEW TRIAL: Motion to Set Aside Affirmance of Judgment: Not Filed Within Statutory Period: Cannot Be Considered Motion for New Trial.** A motion to set aside the affirmance of a judgment cannot be considered as a motion for new trial where it was not filed within the statutory period.

*Headnotes 1. Appeal and Error, 3 C. J., Section 431; 2. New Trial, 29 Cyc., p. 929.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Franklin Miller*, Judge.

Appeal dismissed.

*Vaughn & Garner* for appellant.

(1) The trial court erred in sustaining respondent's motion to set appellant's judgment aside. R. S. 1919, secs. 1532-1535; Monroe v. Daugherty, 190 S. W. 1022, 196 Mo. App. 124; Santa Fe Car and Icing Co. v. Kemper, et al., 166 Mo. App. 613, 149 S. W. 1163; Simpson v. Metropolitan Life Ins. Co., 263 S. W. 521; Hoffman v. Loodin, 96 Mo. App. 186; Calter v. Luke, 120 Mo. App. 702, 108 S. W. 608; Beacham v. Evans, 177 S. W. 1190. (2) The court erred in treating appellant's judgment as interlocutory instead of final. Santa Fe Car and Icing Co. v. Kemper, et al., 166 Mo. App., 613, 149 S. W. 1163. (3) The court abused his discretion and was in error in setting aside appellant's judgment. Santa Fe Car and Icing Co. v. Kemper, et al., 166 Mo. App. 613, 149 S. W. 1163.

*Bounds E. Hamilton* for respondent.

(1)   The judgment of the court below should be affirmed.   (a)   Because appellant has filed no bill of exceptions.   Cunningham v. Consolidated School District, 215 S. W. 249.   (b)   The record before the court shows appellant saved no exceptions to any of the rulings of the court below.   Dittmeier Real Estate Co. v. Knox, 259 S. W. page 835.   (2)   The setting aside of the judgment was discretionary with the trial court and its discretion not abused.   Muth Realty Co. v. Timmberberg, 178 Mo. App. 654.

NIPPER, J.—Plaintiff brought suit against defendant, before a justice of the peace, to recover on an accident and health insurance policy.   Plaintiff recovered judgment in the justice court.   Defendant appealed to the circuit court, the appeal being returnable to the October term, 1923.   On December tenth following, plaintiff paid the filing fee, and had the case affirmed against defendant.   On the twenty-fourth day of December following the date of the affirmance of the judgment, defendant filed a motion to set aside the judgment, and the circuit court sustained such motion to set aside its order made fourteen days prior thereto affirming the judgment of the justice.   The plaintiff filed a motion to set aside the order of the trial court sustaining defendant's motion to set aside the affirmance of the judgment, which the court overruled, and plaintiff has appealed to this court.

There are various questions raised by both plaintiff and defendant here, but we are precluded from a consideration of many of these questions, interesting as they may be, because no appeal lies here.   When the circuit court sustained the motion to set aside the affirmance of the judgment, there was no final judgment in the case.   The motion to set aside the affirmance of the judgment cannot be considered as a motion for new trial, because it

was not filed within the statutory period. However, it was such a motion as the court had a right to consider. [Dower v. Conrad, 207 Mo. App. 176, 232 S. W. 174.]

The question of whether an appeal would lie from such an order as this has been discussed by the appellate courts of this state many times, and has led to some confusion.

Our Supreme Court, in Bussiere's Admr. v. Sayman, 257 Mo. 303, 165 S. W. 796, went into this question thoroughly, and it was there held that where the court sustained a motion, or petition, to set aside a default judgment previously obtained by plaintiff, such plaintiff could not appeal because there was no final judgment from which an appeal would lie, and there was no "special order after final judgment" because there was no final judgment in the case.

If the court had overruled defendant's motion in the instant case, the judgment, of course, would have been final as to such defendant, but the motion having been sustained, the case was reopened, and the judgment which had been entered was no longer in existence.

In the Sayman case the court evidently intended to clear this matter up and settle the question, but evidently it was not entirely successful, because very soon thereafter the Judges of the Springfield Court of Appeals, in Stanton v. Hanna, 185 Mo. App. 91, 170 S. W. 452, were unable to agree as to when an appeal would lie under such circumstances as we have in the instant case, and certified the case to the Supreme Court. The Supreme Court in Stanton v. Hanna, 199 S. W. 145, reaffirmed the doctrine of the Sayman case, and held that such an appeal would not lie under such facts as we have before us. [See, also, Holder v. Chidister (Mo. Sup.), 193 S. W. 568.] If the court had overruled defendant's motion to set aside the affirmance of the judgment, and defendant had appealed, we would be confronted with an entirely different situation, but the court sustained

the defendant's motion, and therefore plaintiff has no right to appeal from such action.

There is some language used in the case of Audsley v. Hale (Mo. Sup.), 261 S. W. 117, and Scott v. Rees (Mo. Sup.), 253 S. W. 998, which is a little misleading. But an examination of the facts in those cases will disclose that their ruling is in accordance with our holding.

In view of the above situation, plaintiff's appeal is dismissed. *Daues, P. J.,* and *Becker, J.,* concur.