Alma Marie KALLASH, (Plaintiff) Appellant,

v.

Joseph E. KUELKER, (Defendant) Respondent.

No. 30705.

St. Louis Court of Appeals.

Missouri.

June 13, 1961.

Motion for Rehearing or for Transfer to Supreme Court Denied and Opinion Modified July 13, 1961.

William L. Hungate, Peter J. Grewach, Hungate & Grewach, Troy, for appellant.

George E. Heneghan, Heneghan, Roberts & Cole, St. Louis, for respondent.

DEW, Commissioner.

An interlocutory default judgment was rendered for the plaintiff and against the defendant, and later, upon a hearing, damages were assessed and a judgment by default in the sum of $12,500 was rendered. Within thirty days thereafter, upon the filing of a motion by the defendant therefor, the court, upon a hearing, set aside the default judgment, including the interlocutory order and inquiry. Plaintiff then filed a motion to set aside the order vacating the judgment and the interlocutory proceedings, which motion was denied, from which denial the plaintiff served notice of appeal and pursues that remedy in the present proceedings in this court.

Stating more particularly this baffling network of court procedure, a petition was filed by the plaintiff to recover damages claimed to have been sustained by her while a passenger with her husband in an automobile, through the alleged negligence of defendant. Personal service having been had on the defendant and no pleading having been filed by him when due, the court, upon plaintiff's request, granted an order of default and inquiry and entered an interlocutory judgment against the defendant on May 10, 1960. On May 25, 1960, the defendant not appearing and being still in default, the court, upon a further hearing, assessed the plaintiff's damages and entered a default judgment against defendant in the sum of $12,500.

On June 21, 1960, the defendant filed a motion for "a new trial" or for an order vacating the default judgment, including the interlocutory judgment by default and inquiry entered May 10, 1960, the motion alleging reasonable diligence on defendant's part and a meritorious defense. The motion also prayed for leave to the defendant to plead to the petition.

At the hearing conducted by the court on June 24, 1960, on defendant's motion to vacate the default judgment, there was substantial evidence tending to prove that a letter was sent by defendant's insurer transmitting to its attorney who was also counsel for defendant, information regarding the plaintiff's action and its defense; that the letter was addressed personally to the counsel; that, through inadvertence on his part or some employee in his office this letter was mislaid or misfiled; that the counsel had represented the insurance company for many years and had established a routine of procedure upon receiving from the company any such letters transmitting cases for his attention; that due to a great many income tax matters then pending in the counsel's office, the communication regarding this case may have been attached to some such tax file or other folder; that it was the policy

in such matters for counsel to acknowledge receipt of such communications and files, then to have one secretary make a folder and docket sheet on the matter and, as a double check, to pass the same on to a second secretary for further attention; that if counsel formally acknowledged receipt of the letter from the insurance company, he had no recollection of it; that for some reason, the second secretary had not received the file and the matter was not brought to counsel's attention until June 17, 1960.

The evidence further tended to show that on June 17, 1960, the insurer's original letter to counsel for defendant, with its enclosures, was found among his files, having been mislaid or misfiled, and he then learned of the suit, the judgment and the default proceedings. Because of the disposition we must make of this appeal, a further recitation of the evidence is not essential.

After hearing the above evidence, the court, citing and reading Civil Rule 75.01 V.A.M.R., authorizing a trial court of its own volition, within 30 days after the rendition of a judgment, to reopen or to vacate such judgment, ordered the interlocutory default decree of May 10, 1960, and the default judgment of May 25, 1960, assessing damages, to be vacated and for naught held, assigning as the reason for such order that additional evidence was desired on the issue of liability and injuries. Leave was given to defendant to plead to the petition and defendant filed his answer on June 30, 1960.

On July 8, 1960, plaintiff filed a motion to set aside the order of June 24, 1960, vacating the default judgment of May 25, 1960, on the ground that such order was an abuse of the court's discretion and that no showing had been made of the defendant's diligence. This motion of the plaintiff was denied, the date of such denial being recorded as "July 16, 1960 or July 18, 1960."

Thereafter, on July 25, 1960, plaintiff filed a notice of appeal as follows: "Notice is hereby given that Alma Marie Kallash, Plaintiff above-named, hereby appeals to the St. Louis Court of Appeals from Order entered July 16, 1960 or July 18, 1960, denying Plaintiff's Motion To Set Aside The Court's Order Vacating The Judgment heretofore entered in this action. Dated July 22, 1960."

■ The defendant has filed a motion in this court to dismiss this appeal, to which we must first direct our attention. The grounds assigned are various imperfections of the plaintiff's brief and a contention that Section 512.020 RSMo 1959, V.A.M.S., specifying the orders and judgments from which an appeal will lie, contains no provisions authorizing an appeal from an order vacating a default judgment. Since the right of appeal is statutory, and if this appeal is not authorized by the statute, it is mandatory that the appeal be dismissed. Plaintiff has not favored us with any suggestions or citations of law on the subject of the motion to dismiss her appeal, but has confined the arguments in her brief to the merits of the order vacating the default judgment and interlocutory proceedings.

The nature and scope of this appeal must first be analyzed. Literally, according to the notice of appeal, the appeal is taken from the order made "July 16, 1960 or July 18, 1960," denying plaintiff's motion to set aside the order of June 24, 1960, "vacating the judgment heretofore entered in this action." The "judgment heretofore entered in this action" must be considered to be the default judgment entered May 25, 1960, assessing the damages. That judgment, subject only to the control over it by the court for 30 days (Civil Rule 75.01), was the only final judgment then entered in the cause. "A [final] judgment is the final determination of the rights of the parties," Civil Rule 74.01, Section 511.-020 RSMo 1959, V.A.M.S. Thus we have an order vacating a default judgment

against defendant, an order denying plaintiff's motion to set aside the vacating order, and a notice of an appeal by the plaintiff from such denial.

■ Of appeals taken in the above and like form, the Supreme Court has placed its construction in Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, loc. cit. 660. In that case a notice of appeal from an order overruling a motion for a new trial after judgment, was held an attempt in good faith to appeal from the judgment itself and was ruled a sufficient notice therefor. The court said on page 660 of 197 S.W.2d: "Appellant was seeking relief from the judgment that aggrieved him. To hold otherwise we would have to say appellant was knowingly attempting to do a futile thing. Appellant in good faith attempted to comply with the provisions governing the notice of appeal by referring to the action which made the judgment final." And again the court said: "Therefore it is obvious that appellant, while literally saying that he was appealing from the order overruling the motion for new trial, sought to appeal from the final judgment itself, the only appealable judgment in the case." We deem the principle in that case to apply to the instant appeal and we rule that this is an attempt in good faith to appeal from the order of June 24, 1960, setting aside the default judgment. In fact, the parties here so treat this appeal, and every point raised by the plaintiff in her brief is an attack on the propriety of the order setting aside the default judgment and interlocutory default decree. Note, also Walker v. Thompson, Mo.Sup., 338 S.W.2d 114; Terrell v. Missouri-Kansas-Texas R. Co., Mo.Sup., 303 S.W.2d 641; City of St. Louis v. Mueller, Mo.App., 313 S.W.2d 189; Boenzle v. U. S. Fidelity & Guaranty Co., Mo.App., 258 S.W.2d 938.

The question next to consider is whether the order of June 24, 1960, setting aside the default proceedings and the judgment of May 25, 1960, assessing the damages, is an appealable order.

It must be kept in mind that this is not a case where the court has *refused* to set aside a default judgment and where the *defendant* seeks an appeal, nor is it a matter of a motion in the nature of a writ of error coram nobis, nor a proceeding for a review of a judgment irregular on its face, nor is the order vacating the judgment a granting of a new trial. Owens v. Owens, Mo.App., 280 S.W.2d 867. Cases involving such situations are not applicable here.

· ■ The difference in the availability of an appeal from an order setting aside a default judgment, as between the plaintiff and defendant, is explained in the frequently quoted case of Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796, by the Supreme Court en banc. In that case the trial court had rendered a default judgment and later, during the term, had sustained defendant's motion to set it aside. Thereupon plaintiff appealed. It was argued that the order setting the default judgment aside was a "special order after final judgment in the cause," and therefore appealable under the statute. The court held that an appeal is available to a *defendant* from a ruling of the court *refusing* to vacate the default judgment, stating at page 799 of 165 S.W.:

"It needs no argument or discussion to demonstrate that since a defendant, when he fails to get favorable action on his motion to vacate a judgment by default, has reached the last ditch, then unless an appeal lies to him the judgment as to him is absolutely a 'final judgment in the case.' Section 2038, supra. Manifestly such an appeal may be justified for several other reasons, even with some degree of logic, for that it is 'a special order made after *final* judgment in a case.'"

The court in the Bussiere's case further held that the order vacating a default judgment is not, as to a plaintiff, "a special

order made after final judgment in a case." On page 799, the court further states that after a judgment has been set aside there is no existing final judgment when the appeal is taken by the plaintiff, stating:

"Is there here left any *final judgment* in the cause when the appeal is prayed? Clearly not, because the motion being acted on favorably by the court has utterly wiped the final judgment off the record and the earth. It is not and cannot be an appeal after final judgment, because to my mind such a term could be applied only where a final judgment still existed, not to a case where it had utterly ceased to exist."

The appeal was dismissed as premature.

In the early case of Crossland v. Admire, 118 Mo. 87, 24 S.W. 154, 155, it was held that an order vacating a default judgment during the period of the court's control over its judgments, is not the "granting of a new trial." The court said that it was an order for a trial when none had been had in the usual sense. See also Gosnell v. Gosnell, Mo.App., 329 S.W.2d 230; Owens v. Owens, supra.

■ The holding in the case of Bussiere's Adm'r v. Sayman, supra, was reaffirmed by the Supreme Court in State ex rel. Johnson et al. v. Arnold, 317 Mo. 858, 297 S.W. 59. See also Holder v. Chidister, 177 Mo.App. 415, 162 S.W. 762. The court in Carter v. Levy, Mo.App., 217 S.W. 549, in a case where plaintiff appealed from an order vacating a default judgment, dismissed the appeal as not authorized under Section 2038, RSMo 1909 (now Section 512.-020) stating, on page 549:

"The situation is vastly different from that where the trial court has refused to vacate the judgment, and the defendant has appealed; for in those circumstances he 'has reached the last ditch' and is entitled to appeal 'from any final judgment in the case, or from any special order after final judgment in the cause.' "

The court said the matter was definitely settled by the case of Bussiere's Adm'r v. Sayman, supra.

Furthermore, the court in the case at bar set aside the default judgment within the thirty day period within which the law permits the court to do so for cause, and from this discretionary order the plaintiff cannot appeal, for want of a final judgment in the case. McCormick v. St. John, 236 Mo. App. 72, 149 S.W.2d 894; Owens v. Owens, supra; Section 510.370 RSMo 1959, V.A. M.S.; Civil Rule 75.01.

As to the discretionary feature of the order vacating the default judgment and its justification, it was said by Judge Sherwood, in the early case of Tucker v. St. Louis Life Ins. Co., 63 Mo. 588, loc. cit. 593:

"Where, however, there occurs, as in the case at bar, a palpable abuse of that discretion, we cannot remain silent. Granting that the accidental misplacing of papers served on a party, is not of itself a sufficient excuse for failure to answer, although such party may be involved in extensive litigation, and the papers and writs served numerous; granting that the defendants were lacking in promptitude, still it does not thence follow that the action of the trial court was correct. For it should be the policy of courts to try causes on their merits whenever such a course will not result in hurtful delay."

The fact that the defendant's motion to vacate the default judgment was filed within the thirty day period of the court's control of the judgment, and is disposed of by the order vacating the judgment, cannot, in the present proceedings, affect the authority of the court to set aside the judgment of its own accord and for the reasons stated. A motion not considered as a mo-

tion for a new trial, may be considered only as a matter of suggestion to the court. Owens v. Owens, supra.

Plaintiff also complains that the court had no authority to set aside the interlocutory judgment and proceedings because "the motion to set aside this decree was not filed before the assessment of damages or before the rendition of a final judgment." Section 511.120 [1] provides that: "Such judgment (interlocutory) may, for good cause shown, be set aside at any time before the damages are assessed or final judgment rendered, upon such terms as shall be just." The fact that the court in its order of June 24, 1960, vacating the default judgment of May 25, 1960, included the interlocutory judgment of May 10, 1960, as prayed in defendant's motion to vacate the judgment, does not affect the situation since no appeal was taken from that feature of the order and no appeal could have been taken for want of a final order, and further, the order setting aside the interlocutory judgment was in fact and *still is* prior to any *final* judgment assessing the damages as required by Section 511.120.

It is our conclusion that under the great weight of authority the instant appeal is unauthorized, is premature and should be dismissed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the court.

Accordingly the appeal herein is dismissed.

ANDERSON, P. J., RUDDY, J., and GEORGE P. ADAMS, Special Judge, concur.

WOLFE, J., not participating.

1. Now V.A.M.R. Civil Rule 74.05.