Anna FARRELL, Plaintiff-Appellant,

v.

Lawrence DeCLUE and Tex-Flame Gas Corporation, Defendants-Respondents.

Nos. 31234, 31259.

St. Louis Court of Appeals.

Missouri.

Feb. 19, 1963.

Roberts & Roberts, Raymond R. Roberts, Farmington, for plaintiff-appellant.

Smith & Colson, David L. Colson, Farmington, for defendants-respondents.

DOERNER, Commissioner.

These two appeals were taken by the plaintiff, in turn, from an order which by its terms granted defendants a new trial, and from a subsequent order amending the prior order. At its inception plaintiff's action was a commonplace suit for damages claimed to have resulted from a collision between two motor vehicles. By the time the matter reached this court the issues ordinarily present in litigation of that character had virtually disappeared in an entanglement which may be aptly described as a legal Gordian knot.

Plaintiff's petition was filed on November 24, 1961. Summons issued and was duly served on both defendants on November 25, 1961, and the sheriff's return was filed the next day. Neither of the defendants appeared or filed a responsive pleading within the time prescribed by Civil Rule 55.27, V.A.M.R. On January 10, 1962, the plaintiff's case was presented to the court, sitting without a jury, and a judgment was rendered in favor of plaintiff and against both defendants for $9,000, and costs. Thereafter, on January 24, 1962, defendants filed a joint motion titled, "Joint Motion of Defendant

Lawrence DeClue and Defendant Texflame Gas Corporation to set Aside the Verdict and Judgment Entered Thereon and to Grant Each Defendant a New Trial." Therein they moved the court to set aside the default judgment and grant them a new trial for the reasons that: the judgment was contrary to law; the judgment was against the weight of the evidence; the verdict was excessive; that there had been no lack of diligence on their part in permitting the default judgment to be rendered and that their failure to answer and defend the suit had not resulted from any negligence on their part, in that the summons and copies of the petition were delivered by them on or about November 28, 1961, to Byron Upchurch, the insurance agent of the Phoenix Insurance Company of Hartford, their insurance carrier; that on the same day Upchurch mailed the papers in Farmington to the St. Louis office of the insurance company, which failed to receive them; that defendants did not know why the letter bearing the copies of the petition and the summons was not received by the insurance company but felt that there was some mistake on the part of the United States Postal Service; that had there been no mistake each of the defendants would have answered within the prescribed time; and that each of the defendants had a valid defense to plaintiff's claim, in that they denied every allegation contained in plaintiff's petition and alleged that if plaintiff was injured it was due to the negligence of plaintiff's husband, Walter J. Farrell, the driver of the automobile in which plaintiff was riding, in certain specified respects, which they set forth. Defendants' motion was not verified, and no affidavits were filed to support it.

All that the transcript shows is that "Thereafter, on March 10, 1962, said Motion For New Trial was argued by counsel for the respective parties, and the following Order was entered of record, to-wit:

"ORDER

" 'Now at this day defendants' motion for new trial taken up, considered and sustained and it is ordered by the Court that defendants be granted a new trial in this cause. Defendant granted ten days to file responsive pleadings.' "

Two days later, on March 12, plaintiff filed her notice of appeal from that order. On the succeeding day, March 13, plaintiff filed in the trial court what was titled "Statement of Error in Granting New Trial; Notice for Respondents to File Original Brief," in which she pointed out that in its order the court had not specified of record the ground or grounds on which the new trial was granted, and called upon the defendants to file the original brief in this court, pursuant to Civil Rule 83.06(b).

The next link in this chain of events was the entry of record by the court on March 15, 1962, of an order which was as follows:

" 'It is hereby ordered non pro tunc that the order of March 10th, 1962 sustaining defendants' motion for new trial be amended and corrected to read as follows:

" 'ORDER

" 'Now on this day defendants Motion for New Trial heretofore heard by the Court, the Court now being fully advised in the premises, said Motion for New Trial is by the Court sustained, for the following reasons:

" '1. The judgment of the Court is contrary to law.

" '2. The judgment of the Court is against the weight of the evidence.

" '3. The verdict is excessive.

" '4. That the original judgment was granted by default to the plaintiff and the Court now finds neither defendant to have been negligent in failing to answer.' "

Thereafter, on March 22, 1962, plaintiff, limiting her appearance to the purpose, filed a motion to strike and set aside the so-called nunc pro tunc order of March 15 on the grounds that " 'The Order of the

Court entered on March 15, 1962, is not nunc pro tunc, correcting a clerical error or misprision to make the record reflect the Court's Order of March 10, 1962, but it changes and amends the Order of March 10, 1962, to a different Order than was entered by the Court.'" This motion was taken up and considered by the court, and overruled on April 6, 1962, whereupon plaintiff duly appealed from the order overruling its motion to set aside the nunc pro tunc order. In the interim, on March 20, 1962, defendants had filed their joint answer.

Prior to a consideration of the merits of the appeals we must first dispose of a preliminary matter. Subsequent to the filing of a joint transcript covering both appeals plaintiff moved in this court that the two appeals be consolidated. We overruled plaintiff's motion but on our own initiative ordered that the appeals be jointly briefed and heard together. Plaintiff filed the original brief covering both appeals, and defendants answered with theirs. Under cover of her reply brief plaintiff filed a motion to affirm the original judgment of January 10, 1962, for the reason that defendants had failed to file the original brief in the first appeal, as required by Civil Rule 83.06(b). A number of reasons might be stated why the motion should be overruled, but one will suffice. It is apparent that our order directing that the two appeals be briefed and argued together created some doubt and confusion in the minds of both parties as to which should then file the original brief. Plaintiff appears to have resolved the doubt by filing the first brief, as it would have been required to do in the second appeal, absent any consolidation, and relying thereon defendants filed an answering brief in the usual manner of a respondent. Plaintiff did not question this procedure until the time for filing its reply brief. Under these circumstances it would obviously be a miscarriage of justice to grant plaintiff's motion, and in the exercise of the discretion vested in us by Civil Rule 83.09, if for no other reason, plaintiff's motion should be overruled.

As a further prelude, and by way of demarcating our problem, it is in order to point out that this is not a case in which the trial court *refused* to set aside a default judgment. Nor is it one in which the defendants' motion partook of the nature of a writ of error coram nobis, or a proceeding for a review because of errors patent on the record. Different rules, not applicable here, apply to such situations. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; Kallash v. Kuelker, Mo.App., 347 S.W.2d 467; Owens v. Owens, Mo.App., 280 S.W.2d 867.

■ With these preliminary matters disposed of we turn to the numerous questions presented. We shall endeavor to cut through to the decisive issue which forms the core of this knotty problem, rather than undertake to untangle it strand by strand. That issue, in our opinion, is whether the court's order of March 10 was an "order granting a new trial" within the meaning of Section 512.020 RSMo 1959, V.A.M.S., which specifies who may appeal; or whether it was merely an order setting aside the default judgment. As we shall seek to demonstrate, diametrically opposite results obtain, depending upon the conclusion reached. We observe, in passing, that while no question has been raised by either of the parties as to the nature and character of that order, it is our duty to make such inquiry sua sponte inasmuch as our jurisdiction to entertain these appeals is involved. Dotson v. E. W. Bacharach, Inc., Mo., 325 S.W.2d 737; Deeds v. Foster, Mo., 235 S. W.2d 262.

■■ Judged solely by the language employed by the court, its order of March 10 would appear to be an "order granting a new trial" within the meaning of Section 512.020, and therefore one from which an appeal will lie. The entry reads that the court sustained defendants' "* * * motion for new trial * * *" and ordered that "defendants be granted a new trial in this cause. * * *" If that order was in fact one granting defendants a new trial then

we would be constrained to hold that the court erred in making it. This conclusion would follow for these reasons: No grounds for the granting of a new trial were specified in the order of March 10. Nor were such grounds supplied by the so-called nunc pro tunc order of March 15, because it was not a valid nunc pro tunc entry. A nunc pro tunc order can only be employed to correct a *clerical* mistake or a misprision of the clerk, upon proper evidence. It can never be invoked, as was attempted here, to correct a *judicial* mistake or oversight, nor to render a judgment different from that actually rendered, even though the judgment actually rendered was not the judgment the court intended to return. Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 126 A.L.R. 949; Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986; State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S.W.2d 22; Clancy v. Herman C. G. Luyties Realty Co., 321 Mo. 282, 10 S.W. 2d 914; Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675.

■ Further, since no discretionary grounds for the court's action were specified in the order of March 10 we may not presume that the new trial was granted on such grounds. Civil Rule 83.06(c); Byrd v. McGinnis, Mo., 299 S.W.2d 455. In fact, since no grounds of any kind were specified the presumption is that the trial court acted erroneously, and the burden of supporting its action is placed on the defendants. Civil Rule 83.06(b); Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316. Defendants do not challenge the applicability of these rules, but argue that since the case was tried without a jury we have the right, by virtue of Civil Rule 73.01(d), to review the record to determine whether there was sufficient evidence introduced by plaintiff to support the judgment. If so, the weakness in defendants' position is that they are content to merely cite the rule, without making any attempt to point out in what manner the evidence was insufficient. In that situation, and in the interest of brevity, it will suffice to say that we have carefully considered the evidence introduced by plaintiff and have reached the conclusion that it was amply sufficient to support the judgment. If, therefore, the order of March 10 was an "order granting a new trial" within the meaning of Section 512.-020, then for the reasons stated we should direct that that order be set aside and that the judgment rendered in favor of plaintiff be reinstated.

■ We make that statement in its hypothetical form because of the manner in which Section 512.020 has been construed. The pertinent parts with which we are here concerned provide:

"Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, * * * may take his appeal to a court having appellate jurisdiction from any order granting a new trial, * * * or from any special order after final judgment in the cause; * * *."

In construing these provisions the Supreme Court has ruled that the proceedings which culminate in the entry of a default judgment are not a "trial"; that the defendants' motion for relief cannot, therefore, be a motion for a *new* trial, but is one to set aside the default judgment; that the order granting relief is an order setting aside the default judgment and not an "* * * order granting a new trial * * *" nor a "* * * special order after final judgment * * *" within the contemplation of Section 512.020; and that no appeal lies from such an order.

These rules had their inception in the case of Crossland v. Admire, 118 Mo. 87, 24 S.W. 154. The defendant in that case was duly summoned, but failed to appear, and a judgment was rendered against him by default. On the same day defendant filed a motion, supported by affidavits, to set aside the default judgment "* * * alleging grounds therefor which need not be here stated * * *" as the court ex-

pressed it. The court sustained the motion by the following order:

"*  *  * 'It is therefore ordered by the court that the judgment hereinbefore rendered be, and the same is hereby, set aside, and for naught held, and a new trial granted herein.'  *  *  *"

From that order plaintiff appealed, contending that the court had erred in granting "a new trial," since the court had refused to specify of record the ground, or grounds, on which the new trial was granted, as required by Section 2241, RSMo 1889. The court construed the word "trial" to mean a formal examination of contested issues before a competent tribunal in which both parties are present and participate, and said that "A mere inquiry of damages after a judgment by default is not a 'trial,' within the meaning of the statute." It quoted with approval Black's definition of a "new trial" as "a re-examination, in the same court, of an issue of fact, or some part or portion thereof, after a verdict by a jury, report of a referee, or a decision by a court." As to the motion by which the defaulting defendant had sought relief it stated:

"*  *  * A motion for a new trial must be predicated upon some error committed in the trial, by which the verdict or finding was improper. Sections 2239, 2240.

"The motion of defendant was not for a new trial, but to set aside the judgment, in order that he might have a trial. The grounds of the motion were not placed upon an error occurring in the trial, but upon a misunderstanding between defendant and his counsel, by reason of which the default occurred. The motion then was to set aside the judgment and not for a new trial, and the court was not required to give a reason for its action. Injecting into the order the statement that a new trial was granted, was not authorized, and may be treated as surplusage."

Regarding the order granting relief the court observed:

"*  *  * We do not think an order setting aside a judgment rendered on default is included within the terms or intent of the statute. There had been no 'trial,' within the meaning of that term, and a trial must precede. a new trial."

The court concluded its opinion with the ruling:

"The amendment of section 2246 (Laws 1891, p. 70) allows an appeal from 'any order granting a new trial.' As plaintiff bases his right of appeal solely upon this provision, and· as no new trial was granted, it follows that the appeal should be dismissed, which is accordingly ordered. All concur,· except BARCLAY, J., who is absent."

The results reached in Crossland v. Admire were re-examined and affirmed in the oft-cited case of Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796. There the default was granted, the inquiry heard, and the judgment rendered during the December 1910 term. Fourteen days after the judgment was granted, which was still within the same term, defendant filed a motion to vacate. On March 20, 1911, during the February term, to which the motion had been continued, the court sustained it and set aside the final judgment. Plaintiff appealed to this court, which expressed the opinion that the order setting aside the final judgment was a "*  *  * special order after final judgment  *  *  *" within the meaning of Section 512.020, and that an appeal should therefore lie. It acknowledged, however, that it was constitutionally bound to follow Crossland v. Admire, but pointed out that if it did so its decision would then be in conflict with an opinion of the Kansas City Court· of· Appeals, and therefore it certified the case to the Supreme Court.

That court disposed of the contention that an order setting aside a· default judgment

was a special order after final judgment by saying (257 Mo. 313, 165 S.W. 799):

" * * * From this language it is urged and argued and held the right of appeals arises here. Miller v. Crawford, supra; Bussiere v. Sayman, supra. But when we carefully look to the words used is this clearly or necessarily so? The word 'special,' is in its meaning and definition as found in the dictionaries so varied, varying, and 'general' as that we frankly concede there is no argument to be derived from its use in the troubling clause. Is there here left any *final judgment* in the cause when the appeal is prayed? Clearly not, because the motion being acted on favorably by the court has utterly wiped the final judgment off the record and the earth. It is not and cannot be an appeal after final judgment, because to my mind such a term could be applied only where a final judgment still existed, not to a case where it had utterly ceased to exist. * * * "

The court pointed out that when a defendant's motion to set aside the default judgment is *overruled* the judgment is final, and the defendant may then appeal, because he " * * * has reached the last ditch * * *." But after an exhaustive review of Crossland v. Admire and subsequent decisions the court concluded (257 Mo. 316, 165 S.W. 800):

"Having thus carefully examined the ruled cases and the statutes relied on as creating the right of appeal, and the necessity, or lack thereof, for an appeal at such a stage, we are unable to see any sufficient reason why we should

overrule the case of Crossland v. Admire, supra. That case was ruled by a most able and painstaking jurist but recently, as the age of the law is, and at a time when the statute on this point was just as it now stands; it was so ruled without dissent, one judge absent, by the division hearing it. The conditions have not changed in favor of a different rule. It may well be that, since a different rule would clog the courts and hinder and delay the business thereof, that conditions have changed in favor of the rule announced in the Crossland Case. The case of Miller v. Crawford, 140 Mo.App. 711, 126 S.W. 984, should be followed no longer."

■ The rules laid down in the Crossland and Bussiere cases, that an order setting aside a default judgment is not an "order granting a new trial,"[1] and that an appeal will not lie from such an order,[2] have been uniformly followed in subsequently reported cases. In the light of what was said in those cases it follows that in the instant case, the proceedings on January 10, 1962 which culminated in the judgment entered on that day was not a "trial"; that despite the language employed, the court's order of March 10, 1962 was not an order granting a new trial, inasmuch as there had never been a trial; and that it was, instead, an order setting aside the default judgment. And since no appeal may be taken from an order setting aside a default judgment, plaintiff's appeal from the order of March 10 was premature and must be dismissed.

■ In reaching those conclusions we have not overlooked the argument made in plaintiff's brief that since the order of

1. Breed v. Hobart, 187 Mo. 140, 86 S.W. 108; Owens v. Owens, Mo.App., 280 S.W.2d 867; Gosnell v. Gosnell, Mo.App., 329 S.W.2d 230; Kallash v. Kuelker, Mo. App., 347 S.W.2d 467. ·

2. Holder v. Chidister, 177 Mo.App. 415, 162 S.W. 762, aff. Sup., 193 S.W. 568; State ex rel. Johnson v. Arnold, 317 Mo. 858, 297 S.W. 59; Stanton v. Hanna, 185

Mo.App. 91, 170 S.W. 452, aff. Sup., 199 S.W. 145; Badger Lumber Co. v. Boswell, 180 Mo.App. 180, 167 S.W. 1141; Carter v. Levy, Mo.App., 217 S.W. 549; Barkwell v. Carlisle, Mo.App., 231 S.W. 1063; Case v. Smith, 215 Mo.App. 621, 257 S.W. 148; Owens v. Owens, supra; Gosnell v. Gosnell, supra; Kallash v. Kuelker, supra.

March 10 was made more than 30 days after the default judgment was entered it is an appealable order because " * * * Rule 82.05(a) provides that the ruling of an after trial motion more than 30 days from judgment makes it final and appealable." Plaintiff misconstrues the rule. Rule 82.-05(a) specifies *when* a judgment becomes final, but only Section 512.020 governs *who* may appeal.

Nor have we failed to note plaintiff's further contention that the court was not authorized to set aside the default judgment because no proof was adduced to support defendants' motion to vacate. It will be recalled that the motion was not verified, no affidavits were filed to support it, and no testimony was offered at the hearing of the motion. We agree with plaintiff that the motion did not prove itself, and that in the absence of any proof the court abused its discretion in setting aside the default judgment. Gorzel v. Orlamander, Mo., 352 S.W.2d 675; O'Connell v. Dockery, Mo. App., 102 S.W.2d 748. Nevertheless, it does not follow that we may entertain plaintiff's premature appeal. Her remedy was prescribed by the Supreme Court in Bussiere's Adm'r v. Sayman, 257 Mo. 303, l.c. 315, 165 S.W., l.c. 800 as follows:

" * * * Two remedies it would seem were open to appellant here: (a) He might have stood mute in a subsequent call of the case, and suffering a dismissal thereof, have appealed. (Harkness v. Jarvis, 182 Mo. 231, 81 S.W. 446); or (b), saving the point by a proper exception and term bill if need arose, appealed if he lost the whole case, under ordinary rules regulating appeals, and under the saving grace of the language of the section which we emphasize above by italics. Mayhap, then, the heat and burden of appeal would have shifted to the other side of this case, though this we do not decide."

And see the concurring opinion of Graves, J., in Stanton v. Hanna, Mo., 199 S.W. 145, 146. If we may suggest parenthetically a query here (as the author of the opinion did in the Bussiere case), will the plaintiff be "aggrieved" within the meaning of Section 512.020, and therefore entitled to appeal, if on a trial she obtains a verdict and judgment for less than $9,000, the amount of the default judgment? We leave that bridge to be crossed when, if ever, we reach it.

For the reasons stated it is the recommendation of the Commissioner that plaintiff's motion to affirm the judgment entered on January 10, 1962, should be denied; that plaintiff's appeal from the so-called nunc pro tunc order of March 15, 1962, being case No. 31259, should be sustained and said order be held for naught; and that plaintiff's appeal from the order of March 10, 1962, setting aside the default judgment, being case No. 31234, be dismissed as premature.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, plaintiff's motion to affirm judgment of January 10, 1962, denied; plaintiff's appeal from so-called nunc pro tunc order of March 15, 1962, case No. 31259, sustained and order held for naught; plaintiff's appeal from order of March 10, 1962, setting aside default judgment, case No. 31234, dismissed as premature.

WOLFE, Acting P. J., and JACK P. PRITCHARD and J. MORGAN DONELSON, Special Judges, concur.