Irene ROBINSON, Appellant,

v.

Vincent J. CLEMENTS and Betty I. Clements, Respondents.

No. 24492.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1966.

Application to Transfer Denied Jan. 9, 1967.

Beals & Feutz, Dwight Beals, Richard E. Feutz, Camdenton, for appellant.

Arthur H. Stoup, Kansas City, for respondents.

MAUGHMER, Commissioner.

The plaintiff's default money judgment against defendants was, upon motion, set aside. Plaintiff then moved for a rehearing or reinstatement of the judgment, which the trial court denied, whereupon plaintiff appealed.

The plaintiff, Irene Robinson, is a widow, who is now 89 years of age. The defendants, Vincent J. and Betty I. Clements, are husband and wife, and Betty is the plaintiff's granddaughter. The petition is in four counts: it is alleged in count 1 that

plaintiff, in November, 1959, loaned defendants $1400, which had never been repaid; in count 2 that in April, 1960, plaintiff owned a Ford Fairlane automobile, which was reasonably worth $1,095, that she assigned title thereto to defendants, who traded same for another automobile with title in defendants' names; in count 3 that in December, 1962, plaintiff had a savings account totaling $3,786.63, which she placed in a joint account with the defendant Betty I. Clements, who converted the whole sum to cash and failed to account for $307.00 thereof; in count 4 it is asserted that defendants have cashed and retained the proceeds from four of plaintiff's social security checks in the amount of $40 each.

We shall set forth the exact dates upon which various pertinent events occurred:

April 14, 1965, plaintiff filed her petition.

April 22, 1965, personal service was had on both defendants.

May 25, 1965, when they were already three days in default, defendants filed application for 30 days additional time in which to plead. Defendants were granted an extension until June 23, 1965.

July 1, 1965, defendants had filed no pleading. Plaintiff took a default judgment on each count of her petition, which judgment, including interest, totaled $3,234.00.

All of the above described proceedings took place in Division No. 11, Jackson County Circuit Court, and before Judge J. Donald Murphy. Shortly thereafter Judge Murphy went on vacation and the following proceedings were in Division No. 6, before Judge Keith P. Bondurant:

August 13, 1965, defendants filed their motion to set aside the default judgment and alleged:

(1) that they had a meritorious defense; (2) defendants filed a photostatic copy of a money order in the amount of $2,473.93, payable to plain-

tiff and a receipt signed by plaintiff, acknowledging payment in full of all indebtedness due her from defendants; (3) that in taking the default judgment plaintiff failed to comply with Rule 16, Rules of Jackson County Circuit Court, which provides that "Each trial division shall set its trial docket not less than four weeks in advance of the trial date" and give notice in a "legal publication"; (4) that fraud was committed in that plaintiff's attorney stated or at least suggested to the court that defendants were not represented by counsel; plaintiff's counsel was directed by the court and agreed to notify defendants of the default judgment, but did not do so until more than 30 days had passed. The contents of this motion were sworn to by defendants' attorney as being true and correct according to his best knowledge and belief.

On August 18, 1965, the whole matter was before the court with counsel for both sides present. The parties agreed that neither plaintiff nor her attorney ever notified defendants or their attorney prior to August 5, 1965, that a default judgment had been taken. Mr. Beals, attorney for plaintiff, said that Judge Murphy, when the default was entered, said: "Mr. Beals, you are to notify the defendants. You do it." And that he (Mr. Beals) replied: "Okay". Mr. Beals discounts the effect of his noncompliance insofar as plaintiff's judgment is concerned by saying that it all transpired after entry of the judgment and therefore had nothing to do with its procurement or its present validity.

The defendant, Betty I. Clements, testified that she had used plaintiff's money to pay plaintiff's hospital and doctor bills. She also produced a receipt signed by plaintiff, acknowledging receipt in full for all monies due her.

Arthur Stoup, attorney for defendants, also testified. He was employed in the matter but except for a motion asking for

additional time to plead, filed no pleading and really did nothing until 43 days after the default. He, too, had been on vacation part of the time. He said Mr. Beals told him that Judge Murphy told Beals to notify defendants of the default, but that Mr. Beals did not do so until more than 30 days had passed. There was no further explanation, or excuse or justification suggested as to why Mr. Stoup, defendants' attorney, had failed to file a timely pleading in the matter.

On September 1, 1965, the court (Judge Bondurant) by the following order, set aside the default judgment:

### "ORDER

"This matter came on for hearing on defendants' Motion To Set Aside Default Judgment and Notice of hearing on such Motion. The Court having heard the evidence and having received, read and considered defendants' First Amended Motion To Set Aside Default Judgment, Suggestions in Support of Defendants' Motion to Set Aside Default Judgment, Plaintiff's Suggestions in Opposition to Defendants' Motion to Set Aside Default Judgment, Affidavit of the plaintiff and being fully advised in the premises it is hereby ordered that said Motion to Set Aside Default Judgment is sustained and the default judgment heretofore taken in favor of plaintiff and against defendants on July 1, 1965 is hereby set aside and for naught held and defendants are given leave to file responsive pleadings within ten days of the date hereof".

Plaintiff's next pleading styled "Motion for Rehearing or to Reinstate the Judgment" was filed on September 8, 1965. Both sides filed suggestions, briefs and arguments. On November 5, 1965, the motion was overruled. On November 12, 1965, plaintiff filed her Notice of Appeal.

In her brief plaintiff says: "The sole question involved is: Did the Motion contain verified statements sufficient to set aside the judgment and if it did, did the facts support the statements?".

Defendants say first that the appeal should be dismissed because there can be no appeal from an order setting aside a default judgment, since in such a situation there is no "final judgment" which the statute requires as the basis for an appeal.

■ The right of appeal did not exist in actions at law under the common law and has been conferred solely by statute. Tucker v. Miller, 363 Mo. 820, 253 S.W.2d 821. Section 512.020, V.A.M.S. states "Who may appeal". We quote in part:

"Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction *from any order granting a new trial,* * * * or *from any final judgment in the case* or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case". (Italics added).

Rule 82.05, V.A.M.R. declares when judgments become final:

"* * * a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed.

\* \* \* \* \* \*

"In the event a motion for a new trial is filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion."

■ Appeals involving default judgments arise under different factual situations respecting the pleadings and the times of entry. One classification is where the trial court refuses to set aside the default. In such cases the judgment is clearly final. The losing trial court litigant has exhausted his possible remedies in that forum. Beyond question that matter is then ripe for appeal. Carter v. Levy, Mo.App., 217 S.W. 549, 550.

A trial court has rather complete control over judgments for 30 days after entry. Section 510.370, V.A.M.S. provides as follows:

"Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."

Rule 75.01, V.A.M.R. states in part:

"The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time."

■ Under these provisions a judgment does not become final until thirty days have passed after its entry. Numerous decisions are to the effect that where a default judgment is set aside by the trial court at any time within thirty days after entry, no appeal will lie as there is no final judgment upon which an appeal could be predicated. Harper v. Harper, Mo.App., 379 S.W.2d 889; Kallash v. Kuelker, Mo.App., 347 S.W.2d 467, and Owens v. Owens, Mo. App., 280 S.W.2d 867.

In Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796, the Supreme Court ruled that when a default judgment was set aside there had been no "final judgment" and the matter was not ripe for appeal. The opinion then not only indicated, but stated, that appellant might wait until there was an actual trial and a "final judgment" and then take his appeal, at which time he would be entitled to have an appellate court pass upon the trial court's earlier action in setting aside his default judgment. Judge Cave of this court in Owens v. Owens, 280 S.W.2d 867, 868, ruled that an appeal from an order setting aside a default, made within thirty days after its entry, was premature, but indicated that the validity of the order setting aside the default could be tested if and when there was an appeal from a really final judgment. Exactly such a situation and development actually occurred as revealed by the opinions of the St. Louis Court of Appeals (Farrell v. De-Clue et al., 365 S.W.2d 68 and Farrell v. DeClue et al., 382 S.W.2d 462). In the first case plaintiff's default judgment for $9,000 was set aside. Plaintiff appealed but the appellate court ruled that the appeal was premature. Thereafter there was a trial on the merits and plaintiff secured a judgment for only $3,000 ($6,000 less than the amount of the default judgment). Again plaintiff appealed and on appeal it was ruled (a) plaintiff was "aggrieved" when his default was set aside and he lost $6,000 in judgment, and (b) the court erred and abused its discretion in setting aside such default judgment. The original judgment for $9,000 was ordered reinstated.

In the case before us the default judgment was set aside more than thirty days after its entry and responsive to defendants' motion which was also filed more than thirty days after entry of judgment. The motion was not filed within the time prescribed for the filing of a motion for new trial and the court order setting aside the default judgment was made long after expiration of the thirty day period during which it had control of the judgment.

In 28 Missouri Law Review: Procedure —setting aside final judgments in Missouri, page 281, we find this conclusion stated:

"As a general rule, a court in this state lacks authority to disturb its final judgments after lapse of the thirty day

period following rendition, except as authorized by statute or by certain common law procedures."

The Law Review article then lists six possible methods under which the court might set aside a default after thirty days. The first is where the record is clearly erroneous. This the court can correct by a nunc pro tunc entry. On this procedure the article states:

"* * * although the courts have lost jurisdiction of a case after the lapse of thirty days, they have not lost jurisdiction over their records."

The second procedure is a petition for review which may be presented within three years, but it applies where there was constructive service only. The third method is a motion to set aside for irregularity. It is recognized and limited by Rule 74.32 V.A.M.R. which reads:

"Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof."

To the same effect is Section 511.250 V.A.M.S. None of these three is applicable to our case. Then there is the writ of error coram nobis; separate suit in equity to set aside; and motion to set aside for fraud. These last three seem to overlap to some extent.

The Supreme Court (Bussiere's Adm'r v. Sayman, supra, 165 S.W. p. 797) recognized the variance in our Missouri decisions on this question and said:

"Neither is there any doubt that the rulings of the appellate courts of this state are almost irreconcilable, and that the whole question is now, by many diverse rulings, in almost inextricable confusion."

That statement which was made in 1914 is possibly still true. However, in January, 1952, our Supreme Court en Banc considered the question in Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 135. The Court said:

"A default judgment was entered against respondent on October 5, 1949, setting aside the foreclosure sale and trustee's deed. * * *. On December 7, 1949, more than thirty days after the entry thereof, respondent filed a motion to vacate and set aside the default judgment. After hearing, the motion was sustained; the judgment was set aside; and the case was ordered reinstated on the docket. After an unavailing motion for a new trial, appellant has taken this appeal from the order or judgment setting aside the judgment in favor of appellant. *An appeal lies from such an order or judgment.*" (Italics ours).

In Watkins Co. v. Hubbard et al., Mo. App., 343 S.W.2d 189, the motion to set aside the default was filed nine days after its entry but the order setting it aside was made months later. The motion to set aside was bottomed upon fraud in procurement, extraneous to the merits. (Plaintiff's attorney had promised to dismiss the action). This court accepted the appeal, treated the matter as a separate action in equity and held that such equitable action for relief might be commenced either by separate suit or by motion in the case itself. To the same effect see In re Jackson's Will, Mo.App., 291 S.W.2d 214, 220, 222.

■ Although the Casper opinion does not specifically attach significance to the fact that the default was set aside more than thirty days after entry, it does carefully point out such fact several times. It should be noted, too, that the opinion does not distinguish the various cases on this subject but just squarely, declares that an appeal lies. Because in our case the default was set aside more than thirty days after entry, and because the opinion in Casper v. Lee, supra, is controlling authority, and further because of the views expressed by this court in Watkins v. Hubbard, supra, we hold that the appeal will lie at this time in the case before us.

We now consider the appeal on its merits. Was the motion sufficient and did the facts justify the trial court in setting aside the default? It is not necessary that the motion be given any particular name—coram nobis, suit in equity or motion to set aside for fraud. It is the contents of the motion which are controlling. Briefly summarized, it sought to have the default judgment set aside for three reasons: (1) defendants had a meritorious defense, which allegation was supported by the money order payable to plaintiff and her receipt in full for all moneys due her; (2) noncompliance with Jackson County Circuit Court Rule 16. In our opinion this rule requires the court to publish notice of trial settings. This does not include defaults and is a requirement resting upon the court and not upon counsel; (3) that plaintiff's counsel at the time of the default falsely and fraudulently stated or suggested to the court that defendants were not represented by counsel when he knew otherwise, and that the court at the time the default was entered, directed plaintiff's attorney to inform defendants of the default and plaintiff's attorney agreed to do so, but failed to give any such notice until more than thirty days had passed.

It seems to us that defendants have, prima facie at least, established that they have a probable defense on the merits. It is, of course, the policy of courts to have cases determined on the merits where possible. Watkins Co. v. Hubbard, supra. Rule 83.24 V.A.M.R. tells us: "These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits."

It is our opinion, too, that plaintiff's counsel overreached defendants when, as conceded, he represented that defendants were without counsel, and when he agreed and promised the court to notify defendants of the default but did not do so until after the judgment had become final. We are inclined to view these occurrences as constituting sufficient cause for setting aside the default and in deference to and in accordance with principles of equity requiring that the controversy be heard on the merits. The Supreme Court of the United States in United States v. Throckmorton, 98 U.S. 61, 65, 25 L.Ed. 93, recognized that in addition to the purely statutory roads of review there was this additional and equitable avenue open to a losing litigant in certain instances. The court said:

"But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to the suit, there was in fact no adversary trial or decision of the issue in the case."

This court in Watkins Co. v. Hubbard, supra, 343 S.W.2d l. c. 192, commented to the same effect:

"It is a familiar rule that equity will relieve against a judgment for extrinsic fraud, accident and mistake." Black on Judgments, Sec. 368 and other cases cited therein.

We believe the trial court's action should be affirmed even though no satisfactory excuse or justification has been offered which would exculpate defendants' counsel from his neglect in filing a timely pleading. We are loath to punish defendants for counsel's dereliction even though in many instances such negligence of the attorney is chargeable to the client.

The judgment or action of the trial court in setting aside the default judgment is affirmed and the cause is remanded for trial on the merits.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.