Edith DENNIS, Appellant,

v.

Joseph E. JENKINS, Respondent.

No. 24798.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1967.

Donald L. Mason, Kansas City, Mason, Gant & Moran, Kansas City, of counsel, for appellant.

Thad C. McCanse, Houts, James, McCanse & Larison, Kansas City, for respondent.

CROSS, Judge.

On December 2, 1966, plaintiff filed her petition seeking damages from defendant

for personal injuries allegedly sustained in an automobile collision. Summons and a copy of the petition were thereafter duly served upon defendant. On February 17, 1967, the cause came on for hearing before the trial court. Defendant was in default of any responsive pleading and made no appearance. Plaintiff personally appeared and offered evidence as to defendant's liability and her injuries. Thereupon a judgment for $4,500.00 was entered in plaintiff's favor. At the trial court's direction defendant was promptly notified of the judgment. On March 10, 1967, defendant filed a motion to vacate the judgment, alleging generally that he had a meritorious defense; that the judgment was taken while defendant's insurance adjusters were actively attempting to negotiate a settlement; and, that although he had mailed the summons and service copy of the petition to his insurance carrier, they were either lost in the mail or inadvertently misplaced and could not be found. On March 16, 1967, 27 days after rendition of the default judgment, the trial court heard the motion, found that defendant had shown good cause for vacating the judgment, and entered an order setting it aside. Plaintiff duly filed her notice of appeal from the order. She now contends that the trial court was not justified in its action because defendant had not shown (1) good reason or excuse to default and (2) that he had a meritorious defense.

■ Our first concern, however, is whether we have jurisdiction to entertain this appeal. Defendant raises the question by urging that the appeal is premature and must be dismissed since there was no final judgment entered in the case. It is his position that a judgment is not final until 30 days after its rendition and that consequently an order setting aside a default judgment within that period of time is not appealable. It is our duty to examine that question. 2 Mo.Dig., Appeal and Error, ☜23.

■ The right of appeal is purely statutory and exists only as provided by statute. 2 Mo.Dig., Appeal and Error, ☜1. Any authority for the present appeal must be found in Section 512.020 which provides, in pertinent part, that "Any party to a suit aggrieved by any judgment of any trial court in any civil cause * * * · may take his appeal to a court having appellate jurisdiction *from any order granting a new trial,* * * * or from any *final judgment in the case* or from *any special order after final judgment* in the cause; * * *."* (Italics supplied.)

■ There is no basis for this appeal on the ground that it was taken from an order granting a new trial. In the early case of Crossland v. Admire, 118 Mo. 87, 24 S.W. 154, it was held that an order vacating a default judgment during the period of the court's control over its judgment is not "the granting of a new trial." That view is still held. See Kallash v. Kuelker, Mo.App., 347 S.W.2d 467, Steffan v. Steffan, Mo.App., 390 S.W.2d 587. Therefore there is no foundation for this appeal unless it appears that the vacated judgment was "a final judgment" within the contemplation of Section 512.020.

The time when a judgment becomes final is prescribed by Civil Rule 82.05 V.A.M.R. which declares that " * * * (A) judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." The trial court is granted extensive control over its judgment for 30 days after entry by Civil Rule 75.01 V.A.M.R. which provides that: "The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time." During this "incubation period" a default judgment is said to be "within the breast of the court." Diekmann v. Associates Discount Corporation, Mo.App., 410 S.W.2d 695, citing McCormick v. St. John

et al., 236 Mo.App. 72, 149 S.W.2d 894, where the court said, "It is the general rule that any judgment rendered by a court is within the breast of the court during the term at which such judgment is rendered, (such being the rule prior to our civil code) and that such judge has full right to set same aside for any reason that may occur to him. * * * If Judge Gideon had the right to set aside his judgment of May 27, 1938, there was no final judgment in the case and the appeal in this case was premature and should be dismissed."

■ Considering that the default judgment in the instant case was vacated within the 30 day period of the trial court's control, it is manifest that *it never became a final judgment.* It is equally apparent that the order vacating the non-final default judgment was not itself a "final judgment" or a "special order after final judgment" within contemplation of Section 512.020. We therefore conclude that plaintiff never acquired the right to appeal.

This conclusion marks no innovation in the law. For many years it has been consistently ruled by all four appellate courts of this state that there could be no appeal from an order setting aside a default judgment entered during the period of time the trial court retained its right to control the judgment. Such decisions include the previously noted case of Crossland v. Admire, 118 Mo. 87, 24 S.W. 154; Holder v. Chidister, 177 Mo.App. 415, 162 S.W. 762, 193 S.W. 568; McCormick v. St. John et al, 236 Mo.App. 72, 149 S.W.2d 894; Gosnell v. Gosnell, Mo.App., 329 S.W.2d 230; Kallash v. Kuelker, Mo.App., 347 S.W.2d 467; Steffan v. Steffan, Mo.App., 390 S.W.2d 587; Carter v. Levy, Mo.App., 217 S.W. 549; Owens v. Owens, Mo.App., 280 S.W.2d 867 and Harper v. Harper, Mo.App., 379 S.W.2d 889. In deciding the last cited case, where the issue was squarely presented, this court stated: "Furthermore, the court set aside this default judgment within thirty days after its entry, during which period the '(t)rial court retains control over judgments * * * and may reopen, correct, amend or modify its judgment for good cause.' Section 410.370 V.A.M.S., Supreme Court Rule 3.25 (present Civil Rule 75.01). From such a discretionary order the plaintiff cannot appeal for want of a final judgment in the case. Kallash v. Kuelker, supra, 347 S.W.2d 471."

■ Plaintiff has cited no cases holding that a default judgment vacated during the trial court's control period is a final judgment or that appeal lies from the order vacating it. Nor by independent research have we found any authority to that effect. Plaintiff directs our attention to Mayo v. Lasater, Mo.App., 312 S.W.2d 601 and Vaughn v. Ripley, Mo.App., 416 S.W.2d 226, as cases wherein appeals from orders vacating default judgments were not dismissed but instead were entertained and decided on their merits. In Mayo the default judgment was set aside after the 30 day control period had expired and the judgment had become final. Obviously the case is not in point. Vaughn v. Ripley is factually analagous to the instant case, in that the default judgment was vacated during the 30 day period. Notwithstanding, the appeal from the trial court's order vacating the judgment was determined on its merits. With commendable candor plaintiff admits that the question of the appeal being premature was not raised by the respondent, and not considered by the court. We therefore reject it as authorty on the question. As stated by Judge Blair in State ex rel. Lashly v. Becker, 290 Mo. 560, 235 S.W. 1017, l. c. 1028: "One of the hornbook rules (Black's Law of Judicial Precedents, § 11, p. 49) is: 'The language of a judicial decision is always to be construed with reference to the circumstances of the particular case and the question actually under consideration, and the authority of the decision as a precedent is limited to those points of law which are raised by the record, con-

sidered by the court, and necessary to a decision.' "

In ruling the instant case we have taken into account the Supreme Court's decision in Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, to the effect that an appeal lies from an order setting aside a final default judgment.[1] In fact this court has twice followed Casper v. Lee (in Fisher v. Mahler, Mo.App., 407 S.W.2d 590 and Robinson v. Clements, Mo.App., 409 S.W.2d 215), holding that if the trial court vacates the plaintiff's *final* default judgment, plaintiff has the right of appeal. The judgment now in controversy is not of that nature.

In Robinson v. Clements, supra, we observed that there may have been variance in earlier Missouri decisions to the confusion of courts deciding the instant question. If such confusion in fact existed, we believe it may be attributed to a failure by the courts to take into account the material difference between default judgments that are final and those which are still within the trial court's control.[2] When that distinction is properly taken into account, no trouble should be encountered in deciding whether appeals from orders vacating default judgments should be heard or rejected.

Since we rule that the attempted appeal is premature, it is unnecessary to consider the points raised by plaintiff. Accordingly, the appeal is dismissed.

HOWARD, P. J., and VARDEMAN, Special Judge, concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.

---

1. To that extent disapproving Bussiere's Adm'r. v. Sayman, 257 Mo. 303, 165 S.W. 796, which, as a leading case for 38 years, had held there was no right of appeal from an order vacating a default judgment, on the rationale that such order had "utterly wiped the final judgment off the record and the earth."

2. See Diekmann v. Associates Discount Corporation, Mo.App., 410 S.W.2d 695, supra, for a comprehensive discussion of and distinction between the two types of default judgments.