**Jack HOEVELMAN, Plaintiff-Respondent,**

v.

**REORGANIZED SCHOOL DISTRICT R2 OF CRAWFORD COUNTY, Missouri, Defendant-Appellant.**

**No. 8797.**

Springfield Court of Appeals.

Missouri.

July 26, 1968.

G. C. Beckham, Steelville, for defendant-appellant.

Morton K. Lange, Steelville, for plaintiff-respondent.

TITUS, Judge.

Plaintiff sued the defendant school district in the Magistrate Court of Crawford County for $580 allegedly due him under a school bus driver's contract. After the cause went to the Circuit Court of Crawford County upon the filing there of the transcript from the Magistrate Court, defendant, per Rule 74.04,[1] filed a motion for summary judgment which was overruled. After an unavailing motion for new trial on the summary judgment order, defendant now appeals to this court "from the order and judgment, overruling defendant's motion for summary judgment." Our instant concern is with plaintiff's motion to dismiss the appeal because the order of the Circuit Court overruling the motion for summary judgment "was not a final appealable judgment."

■ "The right of appeal shall be as provided by law" (Rule 82.01), it exists only where and when conferred by statute, and if no such right is granted by statute, then no right of appeal exists.[2] As material here, § 512.020 of our statutes provides that any aggrieved party to a suit may appeal " * * * from any final judgment in the case * * *," and Rule 74.01 and § 511.020 define "a judgment" as being "the final determination of the rights of the parties in the action." For a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for further determination. Elliott v. Harris, Mo. (banc), 423 S.W.2d 831, 832 (1); Scheid v. Pinkham, Mo., 395 S.W.2d 166, 168(2). Sans specific statutory authority, appeals do not lie from adverse rulings on motions which do not finally determine and dispose of the cause.[3]

■ Concerning the appealability of an order denying a motion for summary judgment, The Supreme Court of The United States in Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23, 25, said: " * * * the denial of a motion for a summary judgment * * * does not settle or even tentatively decide any-

---

1. All references herein to rules and statutes are to Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1959, V.A.M.S.

2. Kansas City Power & Light Company v. Kansas City, Mo., 426 S.W.2d 105, 107 (2) ; Dennis v. Jenkins, Mo.App., 422 S.W.2d 393, 394(2) ; Kansas City v. Plumb, Mo.App., 419 S.W.2d 457, 460(8) ; Coonis v. Rogers, Mo.App., 413 S.W.2d 310, 313 (1) ; State ex rel. Columbia School District v. Thorp, Mo.App., 411 S.W.2d 851, 855(3) ; Robinson v. Clements, Mo.App., 409 S.W.2d 215, 218(1).; Dudeck v. Ellis, Mo., 376 S.W.2d 197, 204(2).

3. Morrison v. Estate of Martin, Mo.App., 427 S.W.2d 783, 784(2) ; Goad v. Mister Softee of Mississippi Valley, Inc., Mo. App., 380 S.W.2d 493, 495(1) ; Vogel v. Vogel, Mo.App., 333 S.W.2d 306, 310(3) ; In re Smith, Mo.App., 331 S.W.2d 169, 171(4).

thing about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial." Federal courts have consistently held an order denying a motion for summary judgment is not a final judgment for purposes of appeal.[4] This is also the rule in Missouri. Barnett v. Barnett, Mo.App., 413 S.W.2d 1, 2(1); cf. Black v. Sanders, Mo., 414 S.W.2d 241, 245(5).

For the reasons stated, plaintiff's motion to dismiss is sustained and the appeal is ordered dismissed.

HOGAN, P. J., and STONE, J., concur.

---

4. See collection of cases in Annotation, Denial of Summary Judgment—Reviewability, 17 L.Ed.2d pp. 886–894. Also: 6 Moore's Federal Practice, § 56.21(2), pp. 2788–2789; 3 Federal Practice and Procedure, Barron and Holtzoff—Wright, pocketpart to § 1242, p. 123; Annotation, Appeal from Denial of Summary Judgment, 103 A.L.R. pp. 1104–1107.